LAWRENCE *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

ELEVATED RAILROADS—INJURIES TO ABUTTERS—EVIDENCE.

 In an action for damages caused by the maintenance of defendant's elevated railroad in front of plaintiff's premises, it is error to admit in evidence an offer to purchase the premises in question, made to the agent in charge thereof, for the purpose of showing their value prior to the construction of the railroad.

Appeal from equity term.

An equity action to recover damages sustained by reason of the existence of the Metropolitan Elevated Railroad structure in front of plaintiff's premises

in New York city, and for an injunction against the continuance of the obstruction in the street and the operation of the road. Judgment for plaintiff for $2,431.18. Defendants appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Brainard Tolles,* of counsel,) for appellants. *John A. Weeks, Jr.,* for respondent.

LARREMORE, C. J. The printed case discloses one error which is fatal to the judgment appealed from. A witness, who is a real-estate agent, and, as such, has had charge of the renting of the premises to which this action relates for many years, was allowed, against defendants' objection, to testify as follows: "*Question.* Did you receive, in 1872, an offer of purchase of 80 Amity street? *Answer.* After the property fell into my hands, the property next door was bought. A man came to my office half a dozen times. He sent me letters, and finally came to see me personally, wanting to buy the property, and very anxious to buy. I did receive an offer of $16,500. Then I offered for $17,000, and then they asked for $16,000. * * *" There is evidence that the premises at present are worth but $15,000, and that immediately after the building of the elevated road they were worth but $13,000. The testimony above quoted, therefore, bore very cogently upon the question of deterioration in value of the property, and although the trial was by the court, and not before a jury, it would be impossible for us to say that the finding and assessment of damages was not in some degree influenced by it. In *Keller* v. *Paine,* 34 Hun, 167, Judge FOLLETT used the following language, of which we approve: "It has been intimated in some case that offers are some evidence of value. But it is a class of evidence which it is much safer to reject than to receive. Its value depends upon too many circumstances. If evidence of offers is to be received, it will be important to know whether the offer was made in good faith, by a man of good judgment, acquainted with the value of the article, and of sufficient ability to pay; also whether the offer was cash, for credit, in exchange, and whether made with reference to the market value of the article, or to supply a particular need or to gratify a fancy. Private offers can be multiplied to any extent for the purposes of a cause, and the bad faith in which they were made would be difficult to prove. The reception of evidence of private offers to sell or purchase stands upon an entirely different footing from evidence of actual sales between individuals or by public auction, and also upon a different footing from bids made at auction sales. *Young* v. *Atwood,* 5 Hun, 234." In our judgment, the reasons given by Judge FOLLETT for holding evidence of private offers incompetent upon the question of value are conclusive, and it is unnecessary for us to attempt to add anything to what he has said. It is proper, however, to observe that this question has been raised in the courts of several sister states, and that there is a very general concurrence in the conclusion we have reached. *Whitney* v. *Thacher,* 117 Mass. 523; *Wood* v. *Insurance Co.,* 126 Mass. 316; *Fowler* v. *Commissioners,* 6 Allen, 92; *Watson* v. *Railway Co.,* 57 Wis. 332, 15 N. W. Rep. 468; *Railroad Co.* v. *Ryan,* 64 Miss. 399; *Railroad Co.* v. *Orr,* 8 Kan. 419. The judgment appealed from should be reversed, with costs to appellant, to abide the event.