LAWRENCE *v.* METROPOLITAN EL. RY. Co. *et al.*

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

APPEAL—REHEARING.

    In an action for an injunction against the operation of an elevated railroad on the street in front of plaintiff's premises, and for damages caused thereby, a judgment for plaintiff was reversed because of incompetent testimony concerning the value of such premises. *Held*, that a rehearing would be granted; it not appearing that the admission of such testimony affected plaintiff's right to an injunction.

Motion for rehearing. For former report, see 8 N. Y. Supp. 326.

Action by Francis C. Lawrence against the Metropolitan Elevated Railway Company and another to recover damages caused by the operation of defendant's road in the street in front of plaintiff's premises, and for an injunction against the operation of the road. Judgment was given for plaintiff, and defendants appeal.

Argued before BISCHOFF and DALY, JJ.

*Edward S. Rapallo* and *Brainard Tolles*, for appellants. *John A. Weeks, Jr.*, for respondent.

BISCHOFF, J. The appeal herein was argued at the January general term, 1890, and reversal of the judgment was directed, (8 N. Y. Supp. 326;) the opinion of the chief justice, concurred in by all, being to the effect that alleged incompetent testimony concerning the fee value of the premises affected by this action was admitted upon the trial. The respondent thereupon moved at the March general term for a reargument. A careful consideration of the briefs submitted upon the last-mentioned motion shows a probable error in directing a reversal of the judgment appealed from in its entirety. The admission of such alleged incompetent testimony does not seem to affect the plaintiff's right to an injunction restraining the defendants from the further operation of their road in front of the plaintiff's premises, as directed by the judgment; and there is thus presented to this court a fair question as to whether so much of the judgment as directs the injunction should not have been affirmed, and the reversal limited to the award of the fee damages. I think, therefore, that the respondent has shown himself to be entitled to a reargument of this appeal, within the provisions of rule 16 of this court, and that such reargument should be ordered.