.CHARLES S. HINE, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY et al., Appellants.

In an action by an abutting owner to restrain the operation of defendants' elevated railroad, in a street in front of plaintiff's premises, for the purpose of showing the permanent or fee damages, plaintiff was permitted to testify that certain offers had been made to him for the premises before the construction of the railroad. *Held,* error; that the testimony was simply the declarations or opinions of others as to value; also, that for such a purpose offers might not be proved even by the parties making them.

*Harrison* v. *Glover* (72 N. Y. 451), distinguished.

*Hine* v. *M. R. Co.* (26 J. & S. 377), reversed.

(Argued March 22, 1892; decided April 26, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made November 3, 1890, which affirmed a judgment in favor of plaintiff, entered upon decision of the court on trial at an equity term.

This action was brought to recover damages to plaintiff's premises in the city of New York caused by the building and maintenance of defendants' road, and for an injunction restraining its further operation.

The judgment awards to the plaintiff the sum of $8,824.92 damages, and contains an injunction restraining the defendants from the further maintenance and operation of their elevated railway in front of plaintiff's premises, No. 13 Bowery, unless within the time fixed by the judgment they pay to the plaintiff the sum of $12,500.

The question discussed on this appeal relates to the admission in evidence of statements on the part of the plaintiff that he had been offered certain prices, which he named, for his property before the construction of the elevated railroad.

The following questions, among others, were asked by the plaintiff's counsel:

"Q. Before the elevated railroad was built, did you have any offers of parties who sought to buy the premises of you, and if so, what did they offer you for the property? [Counsel for the defendants objected to the questions as immaterial, incompetent and irrelevant; also, as not within the issue in this action. The court overruled the objection, and counsel for the defendants duly excepted.] A. In 1871 or 1872, I do not recollect which, I was offered a *bona fide* cash offer of $60,000 for the property. I was then getting $5,700 a year rent for it. I was after that frequently offered $55,000; then I was getting $5,400 a year rent for it. I refused the offer. * * * Q. You understood that offer for this property to be a *bona fide* offer? [The same objection, ruling and exception.] A. I understood it to be a *bona fide* offer."

*Brainard Tolles* for appellants. It was error to admit Mr. Hine's statement of what he was offered for the property before the railroad was built. (*Lawrence* v. *M. E. R. Co.*, 15 Daly, 502; *Teale* v. *M. E. R. Co.*, 61 Hun, 613; *Young* v. *Atwood*, 5 id. 234; *Whitney* v. *Thacher*, 117 Mass. 523; *Dickenson* v. *Fitchburg*, 13 Gray, 516, 554; *Drury* v. *M. R. R. Co.*, 127 Mass. 571; *Currie* v. *W., etc., R. Co.*, 52 N. J. L. 381; *Watson* v. *M., etc., R. Co.*, 75 Wis. 332; *L., etc., R. Co.* v. *Ryan*, 64 Miss. 399; *S. J., etc., R. Co.* v. *Orr*, 8 Kan. 419; *Battin* v. *Healy*, 36 How. Pr. 346; *Craw* v. *Becker*, 5 Robt. 262.) The circumstance that there is enough other testimony in the case to sustain the judgment does not authorize an affirmance. (*Foote* v. *Beecher*, 78 N. Y. 155; *Holcomb* v. *Holcomb*, 95 id. 315, 329; *Hubbell* v. *Schreyer*, 4 Daly, 362, 382; *Schoonmaker* v. *Wolford*, 20 Hun, 166; *Church* v. *Kidd*, 3 id. 254; *Varnum* v. *Hart*, 14 N. Y. S. R. 140, 147; *Doty*

v. *Stanton*, 18 id. 427; *Rogers* v. *Wheeler*, 6 Lans. 420.) The court was bound to determine the value of the easement justly and truly and upon legal evidence. (*Doyle* v. *M. E. R. Co.*, 128 N. Y. 488; *Gray* v. *M. R. Co.*, Id. 499; *A. B. N. Co.* v. *N. Y. E. R. Co.*, 41 N. Y. S. R. 531; *Bohm* v. *M. E. R. Co.*, 42 id. 247; *Somers* v. *M. E. R. Co.*, Id. 247; *Odell* v. *N. Y. E. R. Co.*, Id. 592.) It was error to permit the witness, Schwartz, to give his opinion as to the landlord's reason for reducing the rent. (*Riley* v. *Mayor, etc.*, 96 N. Y. 331.)

*William H. Arnoux* and *John R. MacArther* for respondent. Within the discretion of the judge, evidence of unaccepted *bona fide* offers for the purchase or sale of property is admissible and competent evidence of the market value of such property. (*Keller* v. *Paine*, 34 Hun, 167; *Harrison* v. *Glover*, 72 N. Y. 451; *B. M. Ins. Co.* v. *Slocovitch*, 23 J. & S. 456; *Dalrymple* v. *Hanneron*, 54 N. Y. 654; *Thurber* v. *Thompson*, 21 Hun, 472; *Durst* v. *Burton*, 47 N. Y. 167.) If the law were otherwise, and offers for the purchase of property are inadmissible as evidence of value, the ruling of the court below in admitting such evidence was not prejudicial to defendant, and, therefore, the judgment recovered will not be disturbed. (*McGean* v. *M. R. Co.*, 117 N. Y. 219; *Forrest* v. *Forrest*, 25 id. 510; *People* v. *Gonzales*, 35 id. 59; *Tenney* v. *Berger*, 93 id. 524; Stephens on Ev. 245.)

Parker, J. The relief sought by plaintiff rendered it important that he should show the market value of the premises in controversy, prior to the building of defendants' railroad.

Part of the evidence introduced for that purpose consisted of his own testimony, to the effect that he had received certain offers for the property.

We agree with the General Term that the court erred in receiving it.

It must be borne in mind that we are not considering the admissibility of an offer made in an open market, such as the Produce Exchange, for an article of recognized uniform char-

acter, constantly bought and sold in the market, and having a place in the daily reports of prices current, such as number one wheat, or corn; but that of an unaccepted offer for a piece of real estate, having a market value it is true, but one not generally known in the market or to the public. Such market value may be shown by the testimony of competent witnesses but not by an offer.

In the first place, the evidence adduced in this case is objectionable, because it places before the court or jury an absent person's declaration or opinion as to value, while depriving the adverse party of the benefit of cross-examination.

The highest value at which an offer, standing alone, can be estimated is, that it represents the opinion of him who makes it as to the worth of the property. Nevertheless, the assertion that he offered to part with his money, might give to such hearsay opinion more weight with a jury, than an opinion given by a witness before them, not thus supported. While, notwithstanding, his opinion was backed by a promise to pay money, which was not enforceable, he may not have been competent in a legal sense to express an opinion on the subject. If he was, other reasons may have prompted the offer than an expectation of actually becoming the purchaser; or of obtaining it at its market value.

But we pass to the objection that in such a case as we have under consideration, offers may not be proven even by the party making them.

The General Term of the fourth department, had the question before it in *Keller* v. *Paine* (34 Hun, 167–177). And in discussing the question the court said:

"It has been intimated in some cases that offers are some evidence of value. But it is a class of evidence which it is much safer to reject than to receive. Its value depends upon too many circumstances. If evidence of offers is to be received it will be important to know whether the offer was made in good faith, by a man of good judgment, acquainted with the value of the article and of sufficient ability to pay; also whether the offer was cash, for credit, in exchange, and

whether made with reference to the market value of the article, or to supply a particular need or to gratify a fancy. Private offers can be multiplied to any extent for the purpose of a cause, and the bad faith in which they were made would be difficult to prove."

The reasons thus assigned in support of the decision made we fully approve.

That decision has been followed in *Leale* v. *Met. El. R. R. Co.* (61 Hun, 613); *Lawrence* v. *Met. El. R. R. Co.* (15 Daly, 502).

The proposition has been asserted in *Ross* v. *Met. El. R. Co.* (29 St. Rep. 517); *Keeh* v. *Met El. R. Co.* (31 id. 406).

It has also been applied to offers relating to personal property. (*Young* v. *Atwood,* 5 Hun, 234; *Linde* v. *Republic F. Ins. Co.,* 18 J. & S. 362; *Weld* v. *Reilly,* 16 id. 531.) It is so held in other jurisdictions. (*Fowler* v. *Co. Com. of Middlesex,* 6 Allen, 92–96; *Whitney* v. *Thacher,* 117 Mass. 523–527; *Wood* v. *Firemens' Ins. Co.,* 126 id. 316–319; *Louisville, N. O. & Texas R. R. Co.* v. *Ryan,* 64 Miss. 399–404; *St. Joseph & Denver R. R. Co.* v. *Orr,* 8 Kansas, 419–424.)

In the few cases which may be found holding the other way the question does not seem to have received much consideration from the courts rendering the decisions, and the absence of argument in their support renders unnecessary any special reference to them.

Respondent's counsel insists that *Harrison* v. *Glover* (72 N. Y. 451) is an authority against the position here approved, but we do not so read it. There the plaintiff employed the defendants to sell blankets at a price not less than the manufacturing corporation of D. & Co. marketed blankets of their manufacture.

The question was, what did the parties intend by this contract? Did they intend to make the actual sales by D. & Co. of their blankets the test or the price at which they held them?

Judge ANDREWS said : " It was competent for the parties to provide that the price of D. & Co.'s blankets, as ascertained by the actual sales only, should govern the price of the plaintiff's blankets. But the parties did not understand this to be the meaning of the contract," and this statement is followed by an argument on the part of the learned judge to show that the contract which the parties intended to make, and did, was that the defendant should be governed by sales, or by ascertained *bona fide* offers to sell.

The discussion had reference solely to the test which the parties had established by their contract, and was not intended to and does not affect the question before us.

While we agree with the General Term in the view expressed touching the question so far considered, we cannot indorse the position taken that a reversal should not be had because such testimony did not affect the result. We do not well see how this court can ascertain or determine what weight it had. The question of value was sharply contested, and if we cannot say that this testimony did not influence the decision of the court the appellant is entitled to have its admission declared to constitute reversible error.

The presumption necessarily arises from the situation presented by the evidence and the decision of the court, that the evidence was considered, and it is strengthened by the fact that the trial court after passing on the admissibility of the testimony and listening to the answer of the witness, asked the plaintiff how long before the building of the road the offer of $55,000 was made.

The judgment should be reversed.

All concur.

Judgment reversed.