O'BRIEN et al. v. GALLAGHER.

(Supreme Court, Appellate Term.  March 24, 1899.)

HEARSAY.

 A letter received by defendant from a dealer, in answer to his inquiry respecting market price, is not admissible, in an action for goods sold, on the question of reasonable price or market value; being hearsay.

Appeal from municipal court, borough of Manhattan, First district.

Action by Joseph W. O'Brien and another against Patrick Gallagher.  From a judgment for plaintiffs, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Philip M. Brett, for appellant.

John Callahan, for respondents.

LEVENTRITT, J.  This is an action for goods sold and delivered. It is conceded by the appellant that there is no question in the case as to the order for the goods, their delivery, or quality, and that the only point in dispute is the reasonable price or market value of the goods furnished.  The plaintiffs contended that the amount claimed by them represented the fair market value.  The defendant insisted on a lower figure.  The justice accepted the plaintiffs' standard of value; and, there being no indication of any unfairness or injustice, we cannot reverse his finding, unless he erroneously excluded testimony offered by the defendant on the subject of value, which, if admitted, might have led him to accept the defendant's standard.

The defendant offered in evidence a letter received from a dealer in answer to his inquiry respecting market price.  The defendant urges that the exclusion of this letter was error, and relies on the case of Harrison v. Glover, 72 N. Y. 451, in support of his contention.  An examination of that case discloses that there the plaintiff employed the defendant to sell blankets at a price not less than that of a certain manufacturing corporation.  The letter from that corporation, similar in character to the one under consideration, became competent solely as a part of the test which the parties had adopted by their special contract, and cannot be invoked as authority against the rule which declares hearsay evidence incompetent.  Hine v. Railway Co., 132 N. Y. 477, 30 N. E. 985.  The judgment must therefore be affirmed.

Judgment affirmed, with costs to the respondents.

FREEDMAN, P. J., concurs.  MacLEAN, J., took no part.