### In re CROTONA PARK IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   February 3, 1911.)

1. EMINENT DOMAIN· (§ 237*)—REPORT OF COMMISSIONERS OF ESTIMATE—RE-
VIEW.
   The determination of commissioners of estimate and assessment will
   not be disturbed on motion for confirmation for mere errors in the ad-
   mission or exclusion of evidence, unless the commissioners proceeded on
   a wrong theory to the prejudice of one of the parties, for the commis-
   sioners view the premises, and, in coming to a conclusion as to value,
   they may take into consideration knowledge acquired thereby in connec-
   tion with the oral evidence.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 604;
   Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 237*)—EVIDENCE—EXCEPTIONS.
   An exception to the exclusion of testimony offered by an owner whose
   land is sought to be condemned is not available on motion for confirma-
   tion to an owner of other land sought to be taken, though the offered
   testimony related to the latter land.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 604;
   Dec. Dig. § 237.*]

3. EVIDENCE (§ 142*)—VALUE—OTHER PROPERTY.
   In condemnation proceedings, one may not establish the value of his
   land by showing what was paid for another parcel similarly situated.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec.
   Dig. § 142.*]

4. EVIDENCE (§ 323*)—HEARSAY—VALUE.
   In condemnation proceedings, evidence of an offer made to the owner
   for his property is inadmissible to prove value.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1214–1217;
   Dec. Dig. § 323.*]

5. EMINENT DOMAIN (§ 237*)—REPORT OF COMMISSIONERS OF ·ESTIMATE—RE-
VIEW.
   The court on motion to confirm a report of commissioners in condem-
   nation proceedings may not take cognizance of a fact, outside of the
   record before the commissioners, that a power plant deemed by the com-
   missioners to be detrimental to the land sought to be taken had subse-
   quently been destroyed by fire, especially where it appears that the
   plant has been rebuilt.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 604;
   Dec. Dig. § 237.*]

6. EMINENT DOMAIN (§ 237*)—REPORT OF COMMISSIONERS—CONFIRMATION.
   Where the commissioners in condemnation proceedings took evidence
   in 1908, and in 1909, and they certified that their estimate of value was
   as of the date of the report October, 1909, the court on the hearing of
   the motion to confirm on November, 1909, could not reject the report on
   the ground of delay between the date thereof and the taking of formal
   evidence.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 604;
   Dec. Dig. § 237.*]

Appeal from Special Term, New York County.

Proceedings by the City of New York to acquire lands for making
an addition to Crotona Park. From an order denying a motion to
confirm the report of Commissioners of Estimate in part and referring

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the matter back for further proof, the City appeals. Reversed, and motion to confirm granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Archibald R. Watson, Corp. Counsel (Joel J. Squier, of counsel, and John J. Kearney, on the brief), for appellant City of New York.

Joseph A. Flannery (Benjamin Trapnell, of counsel), for respondent, Simpson.

Gannon, Siebert & Riggs (Royal E. T. Riggs, of counsel), for respondent McQueeney.

Leo C. Dessar, for respondent Curtis.

CLARKE, J. This proceeding was instituted to condemn property lying between Crotona Park and the Southern Boulevard in the borough of the Bronx for the purpose of making an addition to said park. The property was vacant, with the exception of one plot marked 3 on the "Damage Map," upon which stood a partly burned frame building, and plot 9, fronting on the Boulevard, on which stood a 2½ story frame dwelling house. The final report of the commissioners was dated October 13, 1909, and contained the statement that:

"The sums of money awarded by us for the damage sustained by reason of this proceeding are estimated as of the date of this our report."

The report was presented for confirmation to the Special Term on November 4, 1909. That court made an amended order, bearing date March 7, 1910, as amended nunc pro tunc by an order dated October 10, 1910, entered and filed in the office of the clerk of the county of New York on October 11, 1910. By that order the awards made for damage parcels Nos. 7, 10, and 11 were confirmed. The objections to the confirmation of the awards as to damage parcels Nos. 1, 2, 3, 5, 6, 8, 12, 13, 14, 15, 16, 17, 18, and 21 were sustained, and the report returned to the commissioners of estimate to take further proof as to such parcels. From so much of that order the city appeals.

In Matter of City of New York (Blackwell's Island Bridge) 198 N. Y. 84, 91 N. E. 278, Werner, J., said:

"It is the well-established rule that courts of review will not disturb the determination of commissioners in condemnation proceedings for mere errors in the admission or exclusion of evidence, unless the commissioners have proceeded upon a wrong theory, to the prejudice of one of the parties. The commissioners view the premises, and in coming to a conclusion as to value they may take into consideration the knowledge thus acquired in connection with the oral evidence produced before them."

The errors assigned as justifying the action of the Special Term in refusing to confirm are:

First. The exclusion of evidence offered by the respondent Simpson to show the actual purchase price paid by him for the property in the year 1904, three years before the institution of this proceeding. There was no such evidence offered by or in behalf of the respondent Simpson. A witness, a real estate broker, was called and examined by the attorney of Mr. Burke, the owner of damage parcels

13 and 14, and, in the course of his examination to establish the value of those parcels, he was asked as to the price paid by Simpson for other parcels, and upon objection by the city the evidence was excluded. That exception was for the benefit of Burke, but Burke is not complaining, and is not before the court as a respondent here. He settled with the city, and sold his two lots to it for a slight increase over the amount returned by the commissioners as his damage.

If Burke were a party and pressing the exception, he would be met by the rule laid down by Parker, J., in Matter of Thompson, 127 N. Y. 463, 28 N. E. 389, 14 L. R. A. 52:

"But a party may not establish the value of his land by showing what was paid for another parcel similarly situated, because it operates to give to the agreement of the grantor and grantee the effect of evidence by them that the consideration for the conveyance was the market value, without giving to the opposite party the benefit of cross-examination to show that one or both was mistaken."

Second. The exclusion of proof of bona fide offers of purchase made to the owner. There was no such exclusion. The same witness alluded to in the foregoing paragraph, being examined in behalf of Burke, was asked:

"Have you received since the purchase by Mr. Simpson at this time, February, 1905, of these four lots bona fide offers to him for these four lots?"

This was objected to, the objection overruled, and he answered:

"I have. I have had two—one in March, 1905, and the other August, 1906."

He was not asked the amount of those offers. If he had been and the question had been ruled out and excepted to, the exception would not have benefited any respondent before the court, and the evidence would have been properly ruled out.

In Rine v. Manhattan Railway Co., 132 N. Y. 477, 30 N. E. 985, 15 L. R. A. 591, the court said:

"Part of the evidence introduced for that purpose consisted of his own testimony to the effect that he had received certain offers for the property. We agree with the General Term that the court erred in receiving it."

Third. The Special Term took cognizance of a fact de hors the record before the commissioners, stating in its opinion:

"The evidence of value before the commissioners took into consideration the detrimental effect of a local power plant which has since been destroyed by fire."

That the court erred in taking into consideration such a matter is demonstrated by the fact presented to this court, also de hors the record before the commissioners, that the said power plant has been rebuilt and is in full force and operation.

Fourth. That the delay between the time of the taking of the testimony and the presentation of the report for confirmation was such as to require the report to be sent back for the taking of further testimony as to present value. There was no such delay between the date of the final report, the 13th of October, 1909, and the coming on of the motion to confirm on November 4th. It is true that evidence was taken in the year 1908, but it is also true that evidence

was. taken in 1909, and the commissioners have certified that their estimate of value was as of the date of their report. The property in question was unimproved and undeveloped, situated on the side of a hill, one of the adjacent streets having a very steep grade of at least 10 per cent. part of the property covered with rock. As has been many times pointed out, the commissioners were required to view the property and were entitled to make use of their own knowledge, coupled with the evidence taken before them, in reaching their conclusions. It would be a most dangerous rule to establish, and one calculated to cause inextricable confusion and uncertainty in such proceedings, if no attention were to be paid to the certificate of the commissioners, under their oath of office, that the value found by them was as of the date of their report, and to reject such report simply because some time had elapsed between the date thereof and the taking of formal evidence.

We do not find that the commissioners proceeded upon any erroneous theory, or that such errors were committed in the reception and exclusion of evidence as would require a refusal to confirm the report. When we come to examine the amount of the awards, we find no reason to interfere with them. We have examined the entire record with care, and, considering the character of the property, the nature of the proceedings, the power of the commissioners, and the evidence itself, it seems to us that their findings are justified. We are supported in this by the fact that three of the owners accepted the report, and it was confirmed as to them, and that another owner of two damage parcels has, pending the proceeding, settled with the city by accepting a very slight increase over the amount awarded.

It follows, therefore, that so much of the order appealed from as refused to confirm the report and referred it back to the commissioners for further proof should be reversed, with $10 costs and disbursements to the appellant, and the motion to confirm the report granted. All concur.