## Tomasz Narkiewicz, Appellee, v. Valentine Wachowski, Appellant.

### Gen. No. 18,267.

EVIDENCE, § 63*—*when value cannot be proved by impeaching statement.* Where in an action by a vendee of land against the vendor to recover for a breach of a contract to sell and convey, a witness for plaintiff testifies that the value of the property was a certain amount and on cross-examination admits that prior statements as to value were untrue and that plaintiff did not have a certain offer for the property, a written statement signed by the witness, offered on rebuttal, that a third person stated he would buy the property of plaintiff for a certain amount if plaintiff had title, but would not do so inasmuch as plaintiff did not have title, is inadmissible to prove value or to impeach the witness, and, further, is hearsay.

SMITH, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 24, 1913.

CHENEY & EVANS, for appellant; WHITE & WILSON, of counsel.

BEACH & BEACH, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

September 13, 1910, plaintiff, Narkiewicz, brought *assumpsit* in the Circuit Court against defendant, Wachowski, to recover damages for a breach by the defendant of a contract in writing between the parties made June 24, 1910, whereby defendant agreed to sell and convey and plaintiff agreed to buy certain real estate at the price of $17,500.

The contention of the plaintiff was that the value of the real estate exceeded the contract price, and that of defendant was that such value did not exceed the

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

contract price. Defendant plead and gave evidence tending to prove that the plaintiff falsely and fraudulently represented to him that the property had not been offered to plaintiff by any broker of the defendant, when in fact it had been offered to him by a broker employed by the defendant. In the view taken by us of the case it will not be necessary to decide whether the plaintiff did or did not make such representations to the defendant.

The evidence as to the value of the real estate was conflicting, that for the plaintiff tending to show that it did, and that for the defendant that it did not exceed the contract price. Stanley Zaleski, called by the plaintiff, testified that the market value of the property at the time of the breach of the contract, August, 1910, was about $16,500. On cross-examination he admitted that he told defendant's attorneys a few weeks before the trial that in his opinion the value of the property was $19,000 or $20,000, and further testified that such statement was not true. That it was "promotion" and in answer to the question, "You were lying, were you?" answered "Yes." He further testified that he told plaintiff that he could sell the property for more than the contract price; that he had a customer named Toddy; that Toddy had never told him what he would pay for the property and did not agree with plaintiff to buy the property. He was then shown the following paper writing and admitted that he signed it and it was marked for identification, "Plaintiff's Exhibit 4."

"Chicago, September 16, 1910. My name is St. Zaleski. I am in the real estate, loan and insurance business at 1164 Milwaukee avenue. I knew that Tomcisz Narkiewicz had purchased or contracted for a property known as 1400 Dickson street, from V. Wachowski. I had a purchaser, Frank Tadych, for this property. I had one or two talks with Narkiewicz and Tadych separately, and at last got them to agree to sell and buy at $24,000 the above property. When I got parties together to pay money Tadych said he

would buy for $24,000 if Narkiewicz had the title, but he had seen his lawyer and lawyer said if Narkiewicz and Wachowski were in dispute over contract he would advise Tadych not to buy until dispute was settled. Tadych said he would offer $24,000 if Markiewicz could give good title, but as he did not then have title he would not buy until good title could be furnished.

Narkiewicz was to pay me 2½% on full purchase price.

(Signed)   STANLEY ZALESKI.''

In rebuttal Mr. Beach, plaintiff's counsel, offered the exhibit in evidence and it was objected to by the defendant. Mr. Beach then said, ''I don't contend that it fixes the value, but it impeaches Zaleski.'' The Court ruled that it might be admitted. Defendant's counsel said: ''We take it that it is offered for impeachment purposes only'' and Mr. Beach replied, ''For whatever it is worth,'' and defendant excepted to the ruling of the court.

The existence of such a paper was brought out by the defendant on the cross-examination of Zaleski. It does not state that any valid contract for the purchase and sale of the property had been made, but only states the conclusion of Zaleski that plaintiff and Tadych (Toddy) had agreed to sell and buy the property at $24,000. That no contract was made appears from Zaleski's testimony that Tadych said, ''He would offer $24,000 if Narkiewicz had good title, but as he then did not have title, he would not buy until good title could be furnished.'' At most, the exhibit can be held to state what Tadych had offered or was willing to pay for the property. The value of an ''offer'' depends on too many considerations to allow it to be used as a test of the value of property. *Fowler v. Middlesex County Com'rs*, 6 Allen (Mass.) 92; Lewis' Eminent Domain, sec. 446. As what Tadych offered or was willing to pay for the property was not a test of the value of the property, proof of such offer or willingness was not admissible for the purpose of impeaching

Zaleski or for any other purpose. *Chicago, B. & D. Ry. Co. v. Kelly*, 221 Ill. 498; *Hine v. Manhattan Ry. Co.*, 132 N. Y. 477; *Watson v. Milwaukee & M. Ry. Co.*, 57 Wis. 332.

The written statement of Zaleski was made September 16, and the suit was brought September 13, 1910. His assertion that Tadych would offer $24,000 if Narkiewicz had good title was mere hearsay, and yet, coupled with the statement that Tadych would pay that price if the title was good, might give to it more weight than an opinion given by a witness not thus supported.

In the opinion of a majority of the court it was reversible error to admit in evidence the paper signed by Zaleski, and for that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE SMITH dissents.