672 S.E.2d 595

SOUTH CAROLINA DEPARTMENT OF
TRANSPORTATION, Appellant,

v.

Gloria G. HOOD, Respondent.

No. 4486.

Court of Appeals of South Carolina.

Submitted Nov. 1, 2008.

Decided Jan. 13, 2009.

Paul Dezso de Holczer, of Columbia, for Appellant.

Creighton B. Coleman, of Winnsboro; and Robert J. Sheheen, of Camden, for Respondent.

GOOLSBY, A.J.:

In this condemnation action, the South Carolina Department of Transportation (the Department) argues the circuit court erred in admitting evidence of an option held by Fairfield County to purchase Gloria Hood's property. We reverse and remand.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On June 30, 2004, the Department filed a notice of condemnation in Fairfield County to acquire a 3.5-acre portion of Gloria Hood's 14.2-acre tract for a highway project. The Department subsequently filed this action to determine the value of the condemned property.

The Department moved *in limine* to exclude evidence of prior unaccepted offers and unexercised options to purchase the condemned property. At trial, Hood introduced evidence of an expired unexercised option held by Fairfield County in 2001 to purchase the entire 14.2 acre tract for $426,000, amounting to $30,000 per acre. The Department objected, but the circuit held the option admissible.

Hood's son testified the property was worth $30,000 per acre at the time the option was executed, and the property had appreciated in the amount of $10,000 per acre.

Ultimately, the jury awarded Hood a $100,000 verdict, roughly $28,500 per acre. The Department filed motions for JNOV, new trial *nisi remittitur*, and, alternatively, for a new trial absolute and for reconsideration pursuant to Rule 59(e), SCRCP. The circuit court denied all of the Department's post-trial motions. This appeal followed.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## STANDARD OF REVIEW

The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Conner v. City of Forest Acres,* 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005). "An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support." *Id.*

## LAW/ANALYSIS

I. The Department first argues the circuit court erred in admitting evidence of the option held by Fairfield County because it was never exercised. We agree.

Section 28–2–340 of the South Carolina Eminent Domain Procedure Act (the Act) sets forth the types of evidence admissible in condemnation proceedings to determine the value of the property sought to be condemned. S.C.Code Ann. § 28–2–340 (Supp.2007). "Evidence of the price and other terms upon *any sale* ... relating to the property or to any similar property in the vicinity ... within a reasonable time of the hearing" is admissible under the Act. *Id.* (emphasis added).

Sale is defined as "[t]he transfer of property for title or price." *Black's Law Dictionary* 1337 (7th ed.1999). Option contracts are "continuing *offers* to sell, irrevocable during the option period." *S.C. Elec. & Gas Co. v. Hartough,* 375 S.C. 541, 547, 654 S.E.2d 87, 90 (Ct.App.2007) (emphasis added). "[T]he transition of an option into a contract of purchase and sale can only be effected by an unqualified and unconditional acceptance of the offer in accordance with the terms and within the time specified in the option contract." *Id.*

In *Baynham v. State Highway Department of South Carolina,* 181 S.C. 435, 187 S.E. 528 (1936), our supreme court held an oral offer to purchase a filling station was not admissible as evidence of the value of the filling station. The court relied on *Sharp v. United States,* 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211 (1903), and quoted the following from *Sharp:*

> Oral and not binding offers are so easily made and refused in a mere passing conversation, and under circumstances involving no responsibility on either side, as to cast no light

> upon the question of value. It is frequently very difficult to show precisely the situation under which these offers were made. In our judgment they do not tend to show value, and they are unsatisfactory, easy of fabrication, and even dangerous in their character as evidence upon this subject.

*Id.* at 349, 24 S.Ct. 114. The supreme court in *Baynham* also relied on *Hine v. Manhattan Railroad Company*, 132 N.Y. 477, 30 N.E. 985, 986 (1892), holding testimony regarding unaccepted offers is inadmissible "because it places before the court or jury an absent person's declaration or opinion as to value, while depriving the adverse party the benefit of cross-examination." *Id.*

█ The admissibility of an expired and unexercised option contract to prove the value of property at a condemnation proceeding has not been addressed in South Carolina. At least one court, however, has likened expired and unexercised option contracts to unaccepted offers and concluded they are not admissible for valuation purposes. *See City of Des Peres v. Persels P'ship*, 831 S.W.2d 778, 781 (Mo.Ct.App.1992) (excluding expired option contracts as proof of value in condemnation cases and stating "[a]n expired contract is effectively an unaccepted offer"). In addition, several courts, without differentiating between expired and unexpired option contracts, have held option contracts are inadmissible to prove value in condemnation cases. *See Dep't of Transp. v. Cochran*, 160 Ga.App. 583, 287 S.E.2d 599, 600 (1981) ("In condemnation cases where comparable sales are offered in evidence to explain the value testimony of expert witnesses, it is frequently held that mere options and unaccepted offers to purchase or sell are inadmissible as having no substantial probative value."); *J. William Costello Profit Sharing Trust v. State Roads Comm'n of the State Highway Admin.*, 315 Md. 693, 556 A.2d 1102, 1104 (1989) (citations omitted) ("Unlike consummated and binding contracts, offers are inadmissible to prove the value of land because the value of an offer depends on too many considerations to allow it to be used as a test of the worth of property. The same reasoning ordinarily militates against the admissibility of option contracts."); *but see Tedesco v. Mun. Auth. of Hazle Township*, 799 A.2d 931, 935 (Pa.Commw.Ct.2002) (allowing evidence of an option contract to prove value in a condemnation case and noting the Pennsyl-

vania Eminent Domain Code allows evidence of the price and other terms of sale in any "contract to sell" and an option contract is a unilateral contract to sell).

Accordingly, we reverse the circuit court and hold an expired and unexercised option contract is essentially an unaccepted offer; thus, the circuit court erred in admitting evidence of Fairfield County's option.

II. The Department also argues the option was not admissible because it was held by Fairfield County, an entity with the power of eminent domain. We need not address this issue because we are reversing and remanding this case on other grounds. *See Whiteside v. Cherokee County School Dist. No. One,* 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (holding courts need not address remaining exceptions when the resolution of a prior issue is dispositive of the case).

**REVERSED AND REMANDED.**

HEARN, C.J., and KONDUROS, J., concur.