THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Transportation, Condemnor, Appellant,
 v.
 Gloria G. Hood,
 Landowner, Respondent.
 
 
 

Appeal From Fairfield County
 Kenneth G. Goode, Circuit Court Judge
Unpublished Opinion No. 2009-UP-171
Submitted April 1, 2009  Filed April 27,
 2009    
VACATED

 
 
 
 Paul D. de Holczer and Robert L. Brown, both of Columbia, for
 Appellant.
 Creighton B. Coleman, of Winnsboro, and Robert J. Sheheen, of
 Camden, for Respondent.
 
 
 

PER CURIAM: The South Carolina Department of Transportation (the
 Department) appeals the circuit court's award of attorney's fees to Gloria
 Hood. 
On
 June 30, 2004, the Department filed a notice of condemnation in Fairfield
 County to acquire a 3.5-acre portion of Gloria Hood's 14.2-acre tract for a
 highway project.  The Department then filed an action to determine the
 value of the condemned property.  After a jury trial resulting in a $100,000
 verdict to Hood, the circuit court awarded attorney's fees pursuant to section
 28-2-510 of the South Carolina Code.  See S.C. Code Ann. § 28-2-510(B)
 (Supp. 2008) (providing a landowner who prevails in the trial of a condemnation
 action may recover his reasonable litigation expenses).  
The
 Department thereafter filed two appeals with this court.  In its first appeal,
 the Department argued the circuit court erred in admitting evidence of an
 expired unexercised option contract to prove the value of Hood's property.  This
 court agreed, reversing and remanding the action to the circuit court.  See S.C. Dep't of Transp. v. Hood, 381 S.C. 318, 672 S.E.2d 595 (Ct. App.
 2009).  Prior to the issuance of this court's opinion, the Department filed the
 instant appeal concerning attorney's fees.  
Based
 on this court's reversal of the Department's initial appeal, we hold Hood is not
 entitled to attorney's fees under section 28-2-510(B) because Hood is no longer
 the prevailing party.
VACATED. [1]
KONDUROS, J., CURETON,
 A.J., and GOOLSBY, A.J., concur.

[1]  We decide this case without oral argument pursuant to
 Rule 215, SCACR.