NEWTON, Commissioner of Public Works, v. ARMSTRONG.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

1. CONDEMNATION PROCEEDINGS—AWARD—DAMAGES.

An award will not be set aside for alleged inadequacy, unless such inadequacy be gross or palpable.

2. SAME—EVIDENCE—DAMAGES.

An award will not be vacated for errors in the admission or rejection of testimony unless such errors show an error of principle in estimating the damages.

3. SAME.

Evidence of the amount of business done at a mill taken in condemnation proceedings, and the profits derived therefrom, are inadmissible to prove the value of the mill property.

Appeal from special term.

Petition of John Newton, commissioner of public works, under Laws 1883, c. 490, and on behalf of the mayor, aldermen, and commonalty of the city of New York, for the appointment of commissioners of appraisal. From an order confirming the report of the commissioners, condemning certain lands for aqueduct purposes, Isaac Armstrong appeals. Affirmed.

Argued before PRATT and CULLEN, JJ.

*Abram J. Miller,* for appellant. *William H. Clark, (Martin T. McMahon,* of counsel,) for respondent.

PRATT, J. This is an appeal from an order confirming an award of commissioners for lands acquired for the new aqueduct of the city of New York. The difficulty of reviewing such an award is manifest, and has been so often recognized by judicial decisions that it is but necessary to state the general principles relating to such reviews, without citing the authorities. The award of commissioners will not be set aside for alleged inadequacy unless the inadequacy be gross or palpable, or unless the commissioners proceeded upon an erroneous principle; for the commissioners act, not only upon the evidence before them, but on their own knowledge and experience. Evidence is to guide, not control, their judgment. Nor will the award be vacated for errors in the admission or rejection of testimony unless such errors show an error of principle in estimating the damages. The whole of the landowner's premises are taken by this proceeding. The sole question was, therefore, what was the value of the property? The evidence as to such value is very conflicting. The testimony for the owner varied from $15,000 to $30,000, while that on behalf of the city placed the value at less than $7,000. In this conflict of testimony, the commissioners awarded the owner $9,378.23. After examining the evidence, we cannot say that this award is erroneous or inadequate. The evidence for the city seems much more accurate and reliable than that of the landowner. The cost and value of the structure is given in detail. In fact, the great variance in the estimates of value recurs, not as to the improvements, but as to the land and water privilege. This last the owner estimates at $15,000. He paid for it, however, some years before, only the sum of $500. We do not see that any injustice has been done him. On the hearing the owner sought to prove, as showing the value of the property, the amount of business done by him at the mill, and the profits derived by him. This was excluded, we think properly. The testimony did not properly tend to prove the value of the mill. The size and capacity of the mill, and the extent of the water, of course, were relevant. But an inquiry into the owner's business involved other elements: The owner's business skill, the price of labor, the absence or presence of competition,—which did not affect the value of the property. The same is true of the ice business carried on by him. The question before the commissioners was the market value of the property, and to this question they rightfully confined the evidence. The order appealed from should be affirmed.