In re GILROY, Commissioner.

In re LYON et al.

(Supreme Court, Appellate Division, Second Department.    February 11, 1898.)

1. CONDEMNATION PROCEEDINGS—AWARD OF COMMISSIONERS.
   An award of commissioners of appraisal in condemnation proceedings will not be set aside as inadequate, unless the inadequacy is palpable.

2. SAME—MARKET VALUE—EVIDENCE.
   In condemnation proceedings, evidence of the profits of the business carried on in a store on the land, by the owners as merchants, is incompetent to prove the market value of the property.

Appeal from special term, Westchester county.

Petition of Thomas F. Gilroy, commissioner of public works, under Laws 1883, c. 490, and laws amendatory thereof, on behalf of the mayor, aldermen, and commonalty of the city of New York, for the appointment of commissioners of appraisal. From an order confirming the report of the commissioners, condemning certain land, William F. Lyon and another appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William P. Fiero, for appellants.

H. T. Dykman, for respondent.

CULLEN, J. It has been so often held that an award of commissioners of appraisal will not be set aside as inadequate, unless the inadequacy is so palpable as to shock the sense of justice, that it is unnecessary to reiterate the rule or recite authorities for its support. The present case is not of that character, and, unless the commissioners erred in the principle on which they made their determination, their report must stand.

The whole premises of the appellants were taken. The sole question, therefore, presented to the commissioners for determination, was the market value of the property. The premises consisted of a plot of land, with a store thereon, where for many years the appellants had carried on business as merchants. On the hearing before the commissioners the appellants sought to prove the profits they had made in their business during a term of years. This testimony was rejected, we think properly. It is doubtless competent for the landowner to prove the value of the land taken from him for any purpose for which it may properly be used, and he is entitled to that value, even though he may put the property to a different use. It was, of course, competent to show that the property was used for

business purposes and was suitable for such purposes, for, as a rule, business property demands a higher price than property used merely for the purpose of residence. It was also competent to show the general character of the business, for property desirable or available for business of a certain character commands higher prices than property only suitable for business of another character; but the profits the occupants had realized from the business carried on upon the property does not tend to show the value of the property itself. In Newton v. Armstrong (Sup.) 19 N. Y. Supp. 573, it was held that evidence of the profits derived from carrying on a mill was not competent evidence of value in a proceeding to acquire the mill property. It was there said:

"The testimony did not properly tend to prove the value of the mill. The size and capacity of the mill, and the extent of the water, of course, were relevant. But an inquiry into the owner's business involved other elements,—the owner's business skill, the price of labor, the absence or presence of competition,—which did not affect the value of the property."

This is true in a greater degree in the case now before us, as the only use of the property was as a place in which to do business. The same rule was held in Edmands v. City of Boston, 108 Mass. 535; Cobb v. City of Boston, 109 Mass. 438; Railroad Co. v. Robinson, 95 Pa. St. 426. Even in the case of personal injuries occasioned by the tortious act of another, it has been held that proof of the past profits of a commercial business in which the plaintiff was engaged, and from the prosecution of which he had been debarred by the injury, was not competent on the question of damages. Masterton v. Village of Mt. Vernon, 58 N. Y. 391. A fortiori should this be the rule in condemnation proceedings. There is no reason to believe that the appellants may not carry on their business as successfully at some other location as upon the property which has been taken from them. But, however that may be, the testimony involves a consideration of too many elements foreign to the inquiry before the commissioners to be proper evidence. The profits of the business would naturally depend far more largely upon the judgment, forethought, and business skill of the appellants, the use of their capital, and the condition of trade, than upon the value or location of the particular property upon which the business was conducted.

The order and report appealed from should be affirmed, with $10 costs and disbursements. All concur.