In the Matter of the Petition of THOMAS F. GILROY, Commissioner of Public Works of the City of New York, under and in Pursuance of Chapter 490 of the Laws of 1883 and the Laws Amendatory Thereof, on Behalf of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, for the Appointment of Commissioners of Appraisal under said Acts.

In the Matter of the Claim of WILLIAM P. LYON and JERE M. LYON, Copartners, and Composing the Business Firm of LYON BROTHERS; WILLIAM P. LYON and JERE M. LYON, Copartners, Composing the Business Firm of LYON BROTHERS, Appellants; THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Eminent domain — the taking of land used for business purposes — the general character of the business, but not its profits, may be proved — the owner may prove the value of the land as used for any purpose.*

Where a plot of land, having a store thereon, in which the owners have carried on business as merchants, is taken in condemnation proceedings, the owners, in a proceeding to determine its value, are entitled to show the general character of the business, but not the profits which they had realized from it ; such profits depend largely upon judgment, forethought, business skill, the use of capital, and the condition of trade, all of which are elements foreign to the value or location of the land itself.

*It seems*, that, in such a proceeding, the owner is entitled to show the value of the land for any purpose for which it may be used, even though he may have put it to a different use.

APPEAL by William P. Lyon and Jere M. Lyon, copartners, composing the business firm of Lyon Brothers, from so much of an order of the Supreme Court, made at the Dutchess County Special Term, bearing date the 18th day of January, 1896, and entered in the office of the clerk of the county of Westchester, confirming the report of commissioners of appraisal appointed in condemnation proceedings, as affects the rights, property interests and business of the firm of Lyon Brothers, and also from the report of the said commissioners.

*William P. Fiero*, for the appellants.

*H. T. Dykman*, for the respondent.

CULLEN, J. :

It has been so often held that an award of commissioners of appraisal will not be set aside as inadequate, unless the inadequacy is so palpable as to shock the sense of justice, that it is unnecessary to reiterate the rule or cite authorities for its support. The present case is not of that character, and unless the commissioners erred in the principle on which they made their determination, their report must stand.

The whole premises of the appellants were taken. The sole question, therefore, presented to the commissioners for determination was the market value of the property. The premises consisted of a plot of land with a store thereon, where for many years the appellants had carried on business as merchants. On the hearing before the commissioners the appellants sought to prove the profits they had made in their business during a term of years. This testimony was rejected : we think properly. It is doubtless competent for the landowner to prove the value of the land taken from him for any purpose for which it may properly be used, and he is entitled to that value, even though he may put the property to a different use. It was of course competent to show that the property was used for business purposes and was suitable for such purposes, for as a rule business property demands a higher price than property used merely for the purpose of residence. It was also competent to show the general character of the business, for property desirable or available for business of a certain character commands higher prices than property only suitable for business of another character, but the profits the occupants had realized from the business carried on upon the property does not tend to show the value of the property itself. In *Newton* v. *Armstrong* (19 N. Y. Supp. 573) it was held that evidence of the profits derived from carrying on a mill was not competent evidence of value in a proceeding to acquire the mill property. It was there said : " The testimony did not properly tend to prove the value of the mill. The size and capacity of the mill, and the extent of the water, of course, were relevant. But an inquiry into the owner's business involved other elements : The owner's business skill, the price of labor, the absence or presence of competition — which did not affect the value of the property." This is true in a greater degree in the case now before us, as the only use

of the property was as a place in which to do business. The same rule was held in *Edmands* v. *Boston* (108 Mass. 535).; *Cobb* v. *Boston* (109 id. 438); *Pittsburgh & Lake Erie R. R. Co.* v. *Robinson* (95 Penn. St. 426). Even in the case of personal injuries occasioned by the tortious act of another, it has been held that proof of the past profits of a commercial business in which the plaintiff was engaged and from the prosecution of which he had been debarred by the injury, was not competent on the question of damages. (*Masterton* v. *Village of Mt. Vernon*, 58 N. Y. 391.) *A fortiori* should this be the rule in condemnation proceedings. There is no reason to believe that the appellants may not carry on their business as successfully at some other location as upon the property which has been taken from them. But however that may be, the testimony involves a consideration of too many elements foreign to the inquiry before the commissioners to be proper evidence. The profits of the business would naturally depend far more largely upon the judgment, forethought and business skill of the appellants, the use of their capital and the condition of trade, than upon the value or location of the particular property upon which the business was conducted.

The order and report appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order and report affirmed, with ten dollars costs and disbursements.