---

In re DALY.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. EMINENT DOMAIN—ASSESSMENT OF DAMAGES—VALUATION.

In a proceeding to acquire property belonging to a decedent's estate, the commissioners of appraisal properly considered the fact·that part of the property consisted of a milldam, and that a pond formed by said dam was declared a nuisance in an action by the decedent during his lifetime against another several years prior to such proceeding.

2. SAME—HEARING—EVIDENCE.

At the hearing the executor of decedent's estate gave no evidence of the value of the dam, but at a subsequent hearing, in view of the decision of the court of appeals, produced evidence of the dam's cost and value. *Held*, that the appraisal commissioners properly disregarded such evidence.

3. SAME—DAMAGES—INADEQUACY OF AWARD.

Experts placed the value of the land at from $250 to $350, and one witness estimated the value of the mill and·its machinery at $12,000 to $15,000, if it had water power, and, without water, estimated its worth as nothing. The executor valued the land at $3,000 as a mill site, but admitted that it was worth only $25 per running foot if the dam was a nuisance. There were only 253 running feet. *Held*, an award of $2,000 as damages will not be set aside as inadequate.

Appeal from special term, Westchester county.

Petition by Michael T. Daly, commissioner of public works of New York City, to acquire real estate for the purpose of providing for the sanitary protection of the sources of water supply of said city. From an order confirming the appraisal commissioners' report assessing damages, Robert W. Leonard, as executor of the estate of William H. Leonard, deceased, appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. J. Adams, for appellant.
H. T. Dykman, for respondent.

GOODRICH, P. J. The estate of the late Judge Leonard was the owner of parcel No. 74, comprising .864 of an acre of land at Mt.

Kisco, on which there were a mill, machinery, and a dam site. Commissioners of appraisal were appointed to appraise the value, and they awarded $2,000 as the value of the entire property. This award was confirmed by an order of the special term, and from such order Robert W. Leonard, executor, etc., appeals.

The executor originally filed with the commissioners a claim in which he stated the value of the land, mill, and machinery to be $5,000. In February, 1894, he filed an amended claim for $10,000, which included the dam and dam site. Subsequently the claimant appeared at a public hearing of the commissioners, and filed a new claim for $15,000,—in items, $6,000 for the dam, $6,000 for the mill, and $3,000 for the land and mill privilege. Judge Leonard about the year 1880 brought an action against one Spencer to abate, as a nuisance, a pond formed by the dam in question. The court of appeals in 1888 held that the pond was a nuisance, and affirmed a judgment abating it as such. Leonard v. Spencer, 108 N. Y. 338, 15 N. E. 397. The commissioners therefore properly made their estimates of value upon this condition of affairs.

At the hearing the claimant at first gave no evidence of the value of the dam. At a subsequent hearing he produced evidence as to its cost and value, but this, in view of the decision of the court of appeals, was properly disregarded by the commissioners. The report of the commissioners states the fact that they had personally viewed the property and examined it. There was also evidence of four experts who respectively valued the land at $300, $250, $350, and $325. There was evidence from one Archer, a witness, as to the value of the mill and machinery, but his testimony does not show him to have been a very satisfactory expert on the value. He estimated the value of mill and machinery at from $12,000 to $15,000 in 1893. He said it had ceased to be used as a mill for many years. He ran it, however, as a cider mill four or five years. His estimate, he said, was based on the value as a mill, with the water power to run a mill. His examination contained the following:

"Q. Are you able to state what value it had without the water power, or the means of operating it as a mill? A. Well, it is not worth anything. Do you mean without the water? Q. That is what I asked you. A. You could put in steam, of course, but I don't like steam. Give me water enough, and I will plug her up again."

As Leonard v. Spencer, supra, declared the dam a nuisance, it is somewhat difficult to find in the testimony of Archer any useful information of the value of the property as it stood. There was also evidence from Dawson as to the cost and value of the dam, but he declined to give any value to it as it existed after being declared a nuisance by the court of appeals.

The executor, Robert W. Leonard, placed a value of $3,000 on the land itself as a mill site, and, when specifically asked whether he based the value of the land on the fact that it was a mill site, answered:

"Yes, sir, and a dam site. Q. * * * Now, assuming that it is a nuisance, and has been abated, what would you consider that plot worth? A. Oh, I don't know. It might be worth, say, twenty-five dollars a running foot on the main street for dwelling-house purposes or for stores, or something like that.

* * * Q. Twenty-five dollars a foot on that street? A. Pleasantville road to Newcastle Corners."

The description shows about 253 running feet. This would give a value of more than $3,000.

As the commissioners report their personal examination of the entire property, and there is no evidence which seems to be in serious conflict with their valuation, we cannot refuse to affirm the order confirming their report. This court, in Re Gilroy, 26 App. Div. 314, 49 N. Y. Supp. 798, stated the following proposition:

"It has been so often held that an award of commissioners of appraisal will not be set aside as inadequate, unless the inadequacy is so palpable as to shock the sense of justice, that it is unnecessary to reiterate the rule, or cite authorities for its support. The present case is not of that character, and, unless the commissioners erred in the principle on which they made their determination, their report must stand."

Adhering to that statement of the law, we think there is nothing in the record to take this case out of the general rule. The order should be affirmed, with costs.

Judgment affirmed, with $10 costs and disbursements. All concur.