Action by Benjamin J. Friedman against Edward U. Kahn, Incorporated. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

David Bernstein, for appellant.

Weed, Henry & Meyers, for respondent.

PER CURIAM. The court below having rendered judgment for the plaintiff, all disputed questions of fact must be deemed to have been determined in his favor, and should not be disturbed by this court, unless such determination is so against the weight of evidence as to indicate prejudice, misapprehension, or passion, which does not appear in this case. We are unable to discover, however, from a careful examination of the evidence, that the plaintiff showed himself entitled to more than $153.

Judgment modified, by reducing the amount to $153 and appropriate costs in the court below, and, as modified, affirmed, with $15 costs to the appellant to be applied upon the judgment.

---

(71 Misc. Rep. 485.)

WESTCHESTER COUNTY v. WAKEFIELD PARK REALTY CO. et al.

(Supreme Court, Special Term, Westchester County. March, 1911.)

1. EMINENT DOMAIN (§ 134*)—COMPENSATION—MEASURE AND AMOUNT—VALUE OF LAND.

The owner of land taken for a public use is entitled to have it valued for the most valuable available use for which it is then marketable, and it is immaterial that he may not have actually put the land to such use, or that it is entirely unused.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. § 134.*]

2. EMINENT DOMAIN (§ 237*)—COMPENSATION—ASSESSMENT BY COMMISSIONERS—SETTING ASIDE A COURT ERROR IN EXCLUSION OF EVIDENCE.

The exclusion by commissioners to assess compensation for land or easements taken for a public use, of the owner's offer of evidence to establish the value of the land before and after taking by showing the value of various lots or plot subdivisions of the land on the theory that it was available and marketable for such use, is error, for which the commissioners' report may be set aside or recommitted.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

3. EMINENT DOMAIN (§ 237*)—COMPENSATION—ASSESSMENT BY COMMISSIONERS—ERROR IN RECEPTION OF EVIDENCE.

The mere reception of incompetent evidence by commissioners to assess compensation for land taken for a public use will not afford ground to set aside their award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Action by the County of Westchester against Wakefield Park Realty Company, William Haupfauf, and others. Motion to confirm report of Commissioners as to a certain parcel. Motion denied as to that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parcel, and the matter remitted to the same Commissioners for further hearing.

James M. Hunt, for plaintiff.

Joseph A. Flannery, for defendant Haupfauf.

MILLS, J.   The commissioners excluded the evidence offered by the claimant owner of parcel No. 63, the defendant William E. Haupfauf, to establish the value of the parcel before and after the taking of the easements therein, by showing the value of various lot or plot subdivisions of the parcel, upon the theory or contention on the part of said defendant that the land was presently best available for use and marketable in that way.

[1] It is elementary that in such proceedings the owner is entitled to have the land valued for the most valuable available use for which it is then marketable; and it is indeed immaterial that the owner may not have actually put the land to any such use, or even that he may have allowed it to remain fallow—that is, entirely unused.   Matter of Gilroy (Second Dept.) 26 App. Div. 314, 49 N. Y. Supp. 798.

[2] Considering the location of the land here, upon the very border of the thickly settled portion of Mt. Vernon, almost within stone's throw of the station of the Harlem Railroad and with two lines of trolley cars passing by its borders, it is plain that the commissioners erred seriously in their ruling above noted.   This is apparent from the recent decision of the Appellate Division in this department in the case of Matter of Simmons, 141 App. Div. 120, 125 N. Y. Supp. 697.   In that case, in reference to certain parcels of land situated in the same general locality but more remotely from any center of population and in general obviously less adapted for the application of the lot system of valuation, the commissioners had received from the owner, over the plaintiff's objection, evidence upon that basis, and this court at Special Term, upon motion to set aside their report, being satisfied that in fact the awards for such parcels had been made upon such basis and holding the same unwarranted, set aside the report as to such parcels and remitted the matter, as to them, to new commissioners.   The Appellate Division, however, upon appeal, reversed the order of the Special Term and held that the commissioners had proceeded properly.   Therefore, whatever may have been said or thought of the above-recited ruling of these commissioners when the same was made, it is manifest now that such ruling must be regarded as erroneous.   Its effect was to deprive the claimant owner of his statutory right to introduce evidence, and also of the substantial part of his similar right to be heard.

It does not appear, however, that the committing of such error should be held to have disqualified or discredited the commissioners, so that the matter should not be referred back to them.   To send the matter to new commissioners would inevitably involve far greater expense.   Doubtless, when these commissioners made the ruling above referred to, they had before them the decision of the Special Term in Matter of Simmons, supra, and may well have considered that as a precedent binding upon them.   Moreover, it is a matter of common rumor that about that time other like decisions were made at Special

Term in this judicial district, although they do not appear to have been formally reported.

By the decision here made, the commissioners are not to understand at all that the court intimates that their award upon this parcel 63 should or should not be greater than that which they have already attempted to make; but simply that the commissioners should receive all competent evidence which may be offered upon any reasonable basis of valuation, and then in the end, with all such before them, determine the proper basis of award and the proper amount upon such basis.

[3] Commissioners should not be over keen in excluding evidence, but should bear in mind that in that respect they are not quite in the position of a trial court—that the mere receipt by them of incompetent evidence will not afford ground to set aside their award, but that the exclusion of competent proof is much more likely to have that result and must have that result where, as here, such exclusion leaves the claimant substantially unheard.

The motion to confirm the report as to parcel 63 is therefore denied, and as to that parcel the matter is remitted to the same commissioners for further hearing in accordance with the suggestions above made.