In our opinion, on the issue of defendant's negligence the decision of the trial court is against the weight of the evidence. Close, P. J., Carswell, Adel and Taylor, JJ., concur; Johnston, J., dissents and votes to affirm.

THE MORTGAGE CORPORATION OF NEW YORK, as Trustee, Respondent, v. LONG BEACH ON THE OCEAN, INC., et al., Appellants, et al., Defendants. (Appeal No. 1.)

The parties litigant were not given the benefit of an impartial appraisal or weighing of the conflicting oral evidence in respect of the fair and reasonable value of the property as of May 18, 1939. The referee specifically stated that he was disregarding proof from the expert witnesses in fixing a valuation, the effect of which specific declaration was not neutralized by formal general language, later used, that he had considered all the evidence. The referee also stated that he was founding his conclusion in part upon an item of evidence previously struck out. It appears that the referee had an incorrect notion that liquidation value was the same as fair and reasonable value, which, of course, it is not; and this view apparently affected his judgment to the extent of giving too great weight to a liquidation figure that concerned the property here involved in February, 1940. It does not clearly appear to what extent certain other factors were considered, such as the admissions of value made by the plaintiff in a prior proceeding. These admissions did not effect an estoppel, as claimed by appellants, but they should be considered in connection with all the other proof in arriving at a valuation and in determining whether or not there should be a deficiency judgment. The reproduction value, less depreciation, should likewise be considered in connection with the other elements relating to value. Whether or not offers to purchase, if any there were, should be considered, may be determined only on the hearing, when it will appear whether or not the medium through which such proof is adduced meets the requirements of the cases (in respect of opportunity to cross-examine, etc., the one making the offer) or whether or not the peculiar facts take the situation without the general rule which ordinarily excludes such proof. (*Hine* v. *M. R. Co.*, 132 N. Y. 477; *Youssoupoff* v. *Widener*, 246 N. Y. 174.) Proof respecting business experience in the premises was improperly adduced. Such proof in respect of a specialty is inadmissible. (*Matter of City of New York* [*Chrystie Street*] 236 App. Div. 321 [1st Dept.], affd. 260 N. Y. 583; *Matter of Gilroy*, 26 App. Div. 314 [2d Dept.]; *Matter of City of Rochester* [*Smith St. Bridge*], 234 App. Div. 583 [4th Dept.].) Close, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

THE MORTGAGE CORPORATION OF NEW YORK, as Trustee, Respondent, v. LONG BEACH ON THE OCEAN, INC., et al., Appellants, et al., Defendants. (Appeal No. 2.)

Close, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

GENARO NAPOLIONELLO, Respondent, v. PARKELL REALTY CO., INC., et al., Appellants, and F. C. R. CONTRACTING CORPORATION, Respondent.— The record contains no such order and no such judgment. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

BILLY NICHOLS, Individually and as Executrix of the Will of AARON S. NICHOLS, Deceased, Appellant, v. RYAN SADWITH et al., Respondents, et al., Defendants.— No opinion. Present — Close, P. J., Hagarty, Carswell, Taylor and Lewis, JJ.

MARGARET D. ONETO, as Administratrix of the Estate of LOUIS ONETO, Deceased, Appellant, and FRED SANTINO et al., Respondents, v. CONSOLIDATED MOTOR LINES, INC., et al., Appellants and Respondents.— No opinion. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

AGNES H. PORTER, Respondent, v. COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant.—