No. 55.—JAMES .O. HODGES, plaintiff in error, *vs.* MYERS, SUYDAM & Co. defendants.

[1.] The Act of 1845, organizing the Supreme Court, and which required the transcript of the record.to be made out and testified by the Clerk of the Superior Court, within ten days after the filing the notice of the signing of the bill of exceptions in the office, is virtually repealed by the Act of 1850, allowing until the first day of the next term of the Court.to which the case is made returnable, to send up the papers.

[2.] Sheriffs are not liable to be ruled, for monies collected by them out of their county.

Rule, from Macon Superior Court. Decision by Judge POWERS.

The decision of the Court renders a statement of the facts unnecessary.

LAMAR & LOCHRANE, for plaintiff in error.

W. & H. C. POE, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] A motion is made to dismiss the writ of error in this case, because the transcript of the record was not made out and transmitted by the Clerk of the Superior Court, within ten days from the time the original notice of the signing of the bill of exceptions, with the entries thereon, was filed in office.

In *Tompkins vs. Tigner*, at the late term of this Court at Columbus, we held, that the Act of 1845, organizing this

Court, was virtually repealed in this respect by the Act of 1850.  By the 3d section of this latter Act, it is provided, that "when exceptions are filed in any case in the Superior Court, the Clerk of the Superior Court shall make out a copy of the bill of exceptions and send it up to the Supreme Court, on or before the first day of the Court to which the writ of error is returnable, with the transcript of the record," &c.  (*Cobb's Dig.* 455.)

If the transcript need not be sent up to this Court until the session to which the writ of error is returnable, it would be useless as well as oppressive, to require it to be made out within ten days, under the old law, instead of allowing the Clerk until the ensuing term to perform the service.  Such, we think, was the obvious intention of the law.

[2.] In *Edward Kellogg & Co. vs. Green B. Mayo,* decided at Columbus, January Term last, (1855) p. 187, this Court held, that Sheriffs were not liable to be ruled for monies collected by them, out of the county for which they were Sheriffs. In other words, that the residence of the officer and not the place where the process issued, fixed the jurisdiction.  Any other practice would involve manifold inconveniences, as well as absurdities.   The Sheriff might be summoned to answer to rules in two counties, not only remote from each other, but also from his own, and the Court be sitting in all three at the same time.   I forbear to discuss a question which has been already settled, and I doubt not, upon sound principles.