No. 14.—JAMES W. JONES, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY of Georgia, (lessees of the Augusta and Waynesboro Railroads,) defendants in error.

[1.] The fifth section of the Act of 1847, "to define the liabilities of the several Railroad Companies of this State, for injury to or destruction of live stock, or other property," &c., is repealed by the Act of 1854, "to define the liabilities of the several Railroad Companies of this State, for injury to, or destruction of live stock," &c.

Case in Chatham Superior Court. Decision by Judge
FLEMING. May, 1856.

This was an action brought by James W. Jones, plaintiff,
against the Central Railroad and Banking Company of Geor-
gia, lessees of the Augusta and Waynesboro Railroad, under
the fifth section of the Act of 1847. That section is in these
words: "Before entering on his duties, the engineer shall
take and subscribe an oath to render a true account to the
agent at the depot as above required of all property damaged
as aforesaid, and any Railroad company employing an engi-
neer to whom such oath has not been administered, shall pay
each and every land owner through whose land the road
runs, at the rate of five dollars per mile for each and every
trip through said land." See *Cobb's Dig. p.*

Plaintiff alleged in his declaration that on or about the
5th May, 1852, the Augusta and Waynesboro Railroad was
leased to the Central Railroad and Banking Company, and
that said lessee on that day commenced running a regular
train of cars on said road, from Millen to the town of Waynes-
boro; that from that time up to the day on which his suit
was instituted, the defendant (lessee as aforesaid) has not
administered the oath prescribed in said 5th section, to any
of the engineers in their employ on said roads. He further
alleges that he is a land owner in the county of Burke, and
that said Road is located upon and runs over his land for the
distance of one mile and a quarter, and that from the 5th
May, 1852, to 1st April, 1854, the defendant (lessee as afore-
said) ran one train on said road over his land, twice a day,
which at the rate of five dollars per mile for each trip would
amount to the sum of nine thousand four hundred and fifty
dollars. That from the 1st April, 1854, to the 12th Decem-
ber, 1854, (the day of the commencement of this suit,) de-
fendant had run two trains twice every day, which at the
rates of five dollars per mile for every trip, would make the

sum of six thousand four hundred dollars, which added to the first above named sum, amounted to fifteen thousand eight hundred and fifty dollars, and which plaintiff demands as due to him from defendant, and therefore he brings his suit, &c.

The defendant pleaded the general issue.

Upon the trial before the jury, plaintiff submitted his testimony in proof of the allegations of his declaration and closed. Whereupon defendant's counsel moved for a non-suit, on the following grounds:

1st. Because the 5th section of the Act of 1847, is unconstitutional in this; 1. That it contains matter different from, and not embraced in, its title; 2. That it is a violation of the 8th article of the amendments to the Constitution of the United States, which prohibits excessive fines and cruel and unusual punishments; 3. That it impairs the obligation of contracts, and is destructive of vested rights.

2d. Because the whole of said Act of 1847 is repealed by the subsequent Act of 1854.

3d. Because plaintiff failed to prove that he was a *land owner*, through whose land the road runs.

4th. Because if plaintiff has proven that he is a *land owner*, and that the road runs through his land, his redress is against the Augusta and Waynesboro Railroad Company, and not against defendant.

After hearing argument, his Honor the presiding Judge sustained the motion and non-suited plaintiff, on the grounds; 1. That the 5th section of the Act of 1847, was unconstitutional. because it contains matter different from, and not embraced in, the title of said act; 2. That the 5th section of the act of 1847, was repealed by the subsequent Act of 1854.

To which decision counsel for plaintiff excepted and assigns error.

Jones and Sturgis, for plaintiff in error.

Geo. A. Gordon, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The question is, was the non-suit right?

The non-suit was right if the fifth section of the Act of 1847, "to define the liabilities of the several Railroad Companies of this State, for injury to, or destruction of live stock," &c., was repealed by the act of 1854, "to define the liabilities of the several Railroad Companies of this State, for injury to, or destruction of live stock," &c.

The Act of 1847, prescribed a particular mode of redress for the injury or destruction of live stock, and other property, by the Railroad companies.

The fifth section of the act was merely in part prescription of that mode. That section was as follows: "Before entering on his duties, the engineer shall take and subscribe an oath to render a true account to the agent at the depot, as above required, of all property damaged as aforesaid; and any Railroad Company employing an engineer to whom such oath has not been administered, shall pay each and every land owner through whose land the road runs, at the rate of five dollars per mile, for each and every trip through said land." *Cobb's Dig.* 399.

This section was merely a part of the means or mode taken, to accomplish the end in view, which was redress for the injuring of live stock.

The act of 1854, prescribed a different mode for accomplishing the same object. Its language is, "that from and after the passage of this act, the several Railroad Companies in this State shall be held liable, under the rules hereinafter prescribed," &c. And then it proceeds to prescribe rules entirely inconsistent with those prescribed by the Act of 1847, that is to say, it prescribes a mode of redress that is inconsistent with the mode of redress prescribed by the Act of 1847. *Acts of* 1854, *p.* 93.

The consequence is, that it repeals that mode, and there-

fore repeals the fifth section of the act, as included in that mode.

And this conclusion derives support, if it needs any, from this, that the Legislature in passing these two acts, and the act of 1843, on the same subject, manifestly could not have intended to furnish these different new modes of redress, but must have intended by trying one mode after another, finally to perfect a mode and make that the only one.

This being so, the non-suit was right.

And if the non-suit was right for a reason so sufficient as this, it becomes unnecessary to enquire, whether it was not also right for the other reasons assigned in the bill of exceptions.

Judgment affirmed.