## SWIFT *v.* VAN DYKE, administrator.

1. The act of October 29th, 1889 (Acts of 1889, p. 111), " to provide for the time and mode of perfecting service by publication," as amended by the act of October 14th, 1891 (Acts of 1890-91, vol. 1, p. 110), is applicable to a proceeding for the foreclosure of a mortgage upon realty; and consequently, where the mortgagee is a non-resident of this State, service may be perfected

by publication twice a month for two months,. in compliance
with the terms of these acts.

2. To the extent above indicated, these acts modified section
3962 of the code, though it is neither referred to nor described
in either of them.

3. The above notes cover all the questions made in the case which
can be considered without reference to the evidence; and as
the same was not briefed nor brought to this court in the
manner prescribed by law, this court will not examine it for
the purpose of ascertaining whether or not errors were com-
mitted.

August 3, 1896.

Levy and claim. Before Judge Lumpkin. Fulton
superior court. September term, 1895.

*Robert L. Rodgers*, for plaintiff in error.
*King & Anderson*, contra.

LUMPKIN, Justice.

Whenever the General Assembly expressly undertakes
to amend or repeal an existing statute or section of the
code, it must comply with the provisions of par. 17, sec. 7,
art. 3, of the constitution, which declares that "no law, or
section of the code, shall be amended or repealed by mere
reference to its title, or to the number of the section of
the code, but the amending or repealing act shall dis-
tinctly describe the law to be amended or repealed, as well
as the alteration to be made." Code, §5076. It by no
means follows, however, that it is not within the constitu-
tional power of the General Assembly to pass a general law
which may incidentally affect or modify an existing law,
although it is neither referred to nor described in the new
act.   Indeed, it would be difficult, if not impossible, to
pass any general law of a wide and comprehensive scope
without in some way affecting some law or laws already in
existence.   What is known as the pleading act of 1893
is an instance in point.   This act absolutely did away
with many sections of the code, though it mentions none
by number.   Another illustration is to be found in the act

of 1895, prescribing penalties for all felonies under the laws of this State (except those specially designated in the act), and further providing that all misdemeanors shall be punished as prescribed in section 4310 of the code. This law makes the most sweeping changes in our punitive system, and yet it does not even remotely refer to a single statute or section of the code, save only the one just mentioned, and does not undertake to describe it except by number. These illustrations might be multiplied, but the two given suffice for the present purpose.

If the above quoted paragraph of our constitution is to be construed as absolutely forbidding all repeals by implication, these two acts, and many others, would necessarily, to some extent at least, be unconstitutional. This court, in the past, has more than once intimated a doubt as to whether, under the constitution of 1877, repeals by implication existed at all in this State. We are aware that such repeals are not favored; but after most deliberate reflection, have been unable to bring ourselves to the conclusion that the constitutional convention ever intended to make it impossible, by any sort of legislation, to alter or repeal an existing law without fully describing it. We cannot believe that the framers of our organic law desired or intended thus to hamper legislation. To hold that they did would result in the most serious embarrassment, and place almost insurmountable obstacles in the way of wise and beneficial legislation. Our present view is supported by the decision in the case of *Peed* v. *McCrary*, 94 *Ga.* 488. There was no opinion filed in that case; but in reaching the conclusion there announced, this court was influenced by the considerations above expressed. In this connection see, also, *Johnson* v. *Southern Mutual Building & Loan Ass'n*, 97 *Ga.* 622, 25 S. E. Rep. 359, recognizing the correctness of the decision pronounced in *Peed* v. *McCrary*. And see *Bagwell* v. *Town of Lawrenceville*, 94 *Ga.* 654.

In 1889 the General Assembly passed an act "to pro-

vide for the time and mode of perfecting service by publication." Acts of 1889, p. 111. This act was amended in 1891. Acts of 1890-91, vol. 1, p. 110. The original act is sufficiently comprehensive in its terms to include proceedings for the foreclosure of mortgages on realty, and we have no difficulty in holding that section 3962 of the code, though neither mentioned nor referred to in either of the above cited acts, was so far modified by them as to make it lawful to perfect service upon a non-resident mortgagee by publication twice a month, for two months, in compliance with the terms of these acts.

This brief discussion covers all the questions made in the present case which can be considered without reference to the evidence; and as the same was not legally brought to this court, we will not examine it for the purpose of ascertaining whether or not errors were committed.

*Judgment affirmed.*