## IZLAR *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

Service of the bill of exceptions, or due and legal waiver or acknowledgment of service, is essential to give this court jurisdiction of the cause. It appearing in the recital in the motion to dismiss that there was no such service of the bill of exceptions, nor legal waiver or acknowledgment of service, the motion to dismiss must be sustained.

No. 5308. JULY 15, 1926.

Complaint for land. Before Judge Freeman, of the city court of Savannah. Chatham superior court. December 18, 1925.

The defendant in error moved to dismiss the bill of exceptions in this case, upon the ground that "there has been no service of the bill of exceptions and no acknowledgment or waiver of service on behalf of defendant in error, as required by Civil Code, § 6160 (1)." In response to this motion to dismiss, C. E. Alexander, Esq., one of plaintiff in error's counsel, made and filed the following affidavit:

"Georgia, Chatham County. Before me, an officer authorized by law to administer oaths, personally appeared Columbus E. Alexander, who being duly sworn on oath says: That on January 16th, 1926, Honorable Davis Freeman endorsed the tender upon the within bill of exceptions; that deponent on the same day delivered same to H. Wylly Johnson, Esquire, counsel for defendant in error, at his office. That the said H. Wylly Johnson, counsel for defendant in error, retained said bill of exceptions until the 22nd day of January, 1926, and delivered same to court, signifying his approval as to the statement of facts and also as to the

Appeal and Error, 4 C. J. p. 303, n. 3; p. 570, n. 91.

portions of records specified, after having made a correction in paragraph four of the specifications. The bill of exceptions was delivered to counsel for defendant in error for the purpose of agreeing to the facts and acknowledging service; and when counsel for defendant in error delivered same to court for certificate approval, deponent took it for granted that counsel for defendant in error acknowledged service, and did not search the record to verify same. Deponent having been informed by the clerk of the superior court, on February 8th, 1926, that no service appeared on the bill of exceptions, on that day again presented and served upon H. Wylly Johnson, counsel for defendant in error, the bill of exceptions, and the said counsel for defendant in error declined to acknowledge service on the bill of exceptions." The foregoing was duly signed and attested.

In the motion to dismiss counsel for defendant in error controverts certain statements contained in the affidavit set forth above. He denies the statement in the affidavit that the bill of exceptions was delivered to counsel for defendant in error at his office on January 16, 1926, and says further: "Counsel for defendant in error was out of the city on the date stated when the uncertified bill of exceptions was left at his office. The original bill of exceptions had been tendered to the judge who presided in the cause, and he noted the date on which it was so tendered, but before certifying required that it should be submitted to counsel for the defendant in error, to ascertain whether there were any objections to the recitals therein. That was the sole purpose for which it was left at the office of counsel for defendant in error on January 16th. The statement that it was left at counsel's office on that date for the purpose of 'acknowledging service' is not correct. The bill of exceptions had not then been signed or certified by the judge, and there was no request from counsel that service be acknowledged before it was signed and certified. If such request had been made, it would certainly have been refused. The statement in the affidavit of counsel for plaintiff in error that the bill of exceptions was retained by defendant's counsel until January 22, 1926, is not correct. The original bill of exceptions was returned to the court on January 21, 1926, and was certified January 22, 1926. Inspection of the bill of exceptions, with the affidavit attached to it, shows it has not been served, and that there

has been no acknowledgment or waiver of service. The court is therefore without jurisdiction of the cause."

*Lawrence & Abrahams, David S. Atkinson,* and *Columbus E. Alexander,* for plaintiff in error.

*H. W. Johnson,* contra.

BECK, P. J. (After stating the foregoing facts.) It appears from an inspection of the bill of exceptions and the endorsements thereon that there was no service of the bill of exceptions and no acknowledgment or waiver of service on the part of the defendant in error. In the affidavit set forth in the statement of facts certain statements are made on oath by one of the counsel for plaintiff in error, which are controverted in a statement embraced in a motion to dismiss, which is also set forth in the statement of facts. We do not, of course, undertake to decide the issue of fact made. We have no jurisdiction to decide it, and besides, it is not necessary; for if the statements contained in the affidavit of counsel for plaintiff in error were not controverted, the bill of exceptions would have to be dismissed. Take it as true that the bill of exceptions was delivered to counsel for defendant in error, and that this counsel himself carried the bill of exceptions to the judge, plaintiff in error could not assume that this was an acknowledgment of service or that it was a waiver of service or amounted to service. And there being no service and no acknowledgment of service or waiver thereof, the bill of exceptions, under the provisions of the statute (Civil Code, § 6160, par. 1), and several decisions made by this court, must be dismissed.

*Writ of error dismissed. All the Justices concur.*