COLLIER *v.* MITCHELL.

No. 17304. JANUARY 11, 1951. REHEARING DENIED FEBRUARY 15, 1951.

*H. Scott Schmid,* for plaintiff.

*W. Harvey Armistead* and *T. O. Davis,* for defendant.

WYATT, J. ■ The issue made by the pleadings in the instant case is whether or not sec. 3 of the act of 1929 (Ga. L. 1929, p. 369) repeals sec. 1 of the act of 1927 (Ga. L. 1927, p. 383).

■

It is not contended that the 1929 act expressly repeals the 1927 act, but it is contended that it does so by implication.

There are two instances in which a statute will be deemed to have repealed a prior statute by implication. One is when the provisions of the later are inconsistent with or repugnant to the provisions of the former act. The other is when the later act deals with and embraces the whole subject-matter of the legislation of the former act. We recognize the well-settled principle in our law that "repeals by implication are not favored and never occur except where the later act is clearly and indubitably contradictory and contrary to the former act. . . In order to bring about a repeal by implication, the legislative intent must be clear, manifest, and irreconcilable with the intent not to repeal." *Connor* v. *O'Brien*, 198 *Ga*. 221 (31 S. E. 2d, 399). It is, however, the duty of the courts in the construction of statutes to give effect to the intention of the legislature when it is ascertainable. *Thacker* v. *Morris*, 196 *Ga*. 167 (26 S. E. 2d, 329) ; *Thompson* v. *Eastern Air Lines*, 200 *Ga*. 216, 222 (39 S. E. 2d, 225).

The Municipal Court of Atlanta, DeKalb Division was established in 1913 (Ga. L. 1913, p. 145 et seq.). The act establishing the court provided for two divisions, the Fulton County Division and the DeKalb County Division. It is only with the latter that we are here concerned. The act provided that the DeKalb Division should have two judges and provided what their qualifications should be. In 1927, the legislature passed an act amending the 1913 act, which, among other things, repealed sec. 6 of the 1913 act—the section dealing with the qualifications of the judges of the Municipal Court of Atlanta, DeKalb Division —and provided that the judges should be lawyers who had been practicing for a period of two years, and further provided that they should be qualified electors and residents of DeKalb County inside the City of Atlanta, as quoted in the statement of facts.

The act of 1929 amended the act of 1913 as amended by the act of 1927, by repealing sec. 5 of the act of 1913, which provided for two judges of the Municipal Court of Atlanta, DeKalb Division, and substituted therefor sec. 5 as amended, which provided for only one judge of said court, and increased the juris-

diction of the court. The amendment included sec. 3, which deals with the qualifications of the judge of the court and is quoted in the statement of facts. It is this section which it is contended repeals sec. 6 of the act of 1913 as amended by sec. 1 of the act of 1927.

Sec. 6 of the act of 1913 as amended by sec. 1 of the act of 1927 fully sets forth the qualifications of the judges of the Municipal Court of Atlanta, DeKalb Division. In 1929, the legislature passed an amendment to the act of 1913 as amended by the act of 1927, which also sets out fully and completely what shall be the qualifications of the judge of said court. It provides: "that said judge of the DeKalb Division of the Municipal Court of Atlanta shall be a resident of DeKalb County and of the City of Atlanta," etc. It does not purport to be amendatory or cumulative of sec. 6 of the former act. It states that the judge "shall be a resident of DeKalb County and of the City of Atlanta," and continues to outline fully the qualifications of the judge. Under these circumstances, we must hold that, by the passage of sec. 6 of the act of 1929, the legislature intended to deal with the whole subject-matter of the qualifications of the judge of the Municipal Court of Atlanta, DeKalb Division. The result is, that by the passage of the above act, the legislature impliedly repealed, not only those provisions of the former act which are inconsistent with or repugnant to the later act, but all of the former act, and substituted therefor an entirely new section relating to the qualifications of the judge of the Municipal Court of Atlanta, DeKalb Division. See 50 Am. Jur., § 552; *Hodges* v. *Myers, Suydam & Co.,* 17 *Ga.* 292; *Jones* v. *Central Railroad & Banking Company of Georgia,* 21 *Ga.* 104. Therefore, the act of 1929 determines the qualifications of the judges of said court, and it was not error to sustain the special demurrers to the paragraphs of the petition setting forth that the defendant in error was ineligible to hold said office because he was not a qualified elector of DeKalb County inside the City of Atlanta, as required by the act of 1927.

It is contended by the plaintiff in error that, even though the judgment of the court below was correct in sustaining the special demurrers to the petition, still it was error to dismiss the petition, for the reason that, by the act of 1929, the judge is re-

quired to be a resident of DeKalb County and of the City of Atlanta, and it is alleged in the petition that the defendant in error is not a resident of the City of Atlanta. The act of 1929 provides: "that said judge of the DeKalb Division of the Municipal Court of Atlanta shall be a resident of DeKalb County and of the City of Atlanta . ." The petition alleges that the defendant in error is not a resident of the City of Atlanta, and this allegation is sufficient, under the circumstances in the instant case, to set out a cause of action against the defendant in error because, under the allegations of the petition, he is not qualified under the act of 1929 to hold the office of Judge of the Civil Court of DeKalb County.

Accordingly, the judgment of the court below dismissing the petition was error and must be reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*