## 35414. TRIBBLE *v.* CHADWICK *et al.*

CARLISLE, J. 1. "Service of the bill of exceptions, or due and legal waiver or acknowledgment of service, is essential to give this court jurisdiction of the cause." *Izlar* v. *Central of Ga. Ry. Co.*, 162 *Ga.* 558 (134 S. E. 315).

2. Service of a bill of exceptions before it is certified by the trial judge is no service. *Duke* v. *Sims*, 70 *Ga. App.* 318 (28 S. E. 2d 174); *Bush* v. *Smith*, 77 *Ga. App.* 329 (48 S. E. 2d 582).

3. While it is true that, "where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing shall be done before or after the signing of the writ of error" (Code § 6-912), yet where, as in this case, counsel for the defendant in error acknowledged receipt of a copy of the bill of exceptions on August 10, 1954, and the trial court did not sign and certify the writ of error until August 31, 1954, and counsel for the defendant in error distinctly refused to waive legal service of the bill of exceptions, this court is without jurisdiction of the cause. *Bussell* v. *Savannah Guano Co.*, 39 *Ga. App.* 613 (147 S. E. 914); *McGregor* v. *W. L. Florence Construction Co.*, 208 *Ga.* 176 (65 S. E. 2d 809).

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 2, 1954—REHEARING DENIED DECEMBER 16, 1954.

*Hodges & Wheeler*, for plaintiff in error.
*W. Harvey Armistead*, contra.