## 36603. AYCOCK *v.* FULTON COUNTY *et al.*

DECIDED APRIL 3, 1957—REHEARING DENIED APRIL 16, 1957.

542

*Sams, Wotton & Sams,* for plaintiff in error.

*Harold Sheats, Paul H. Anderson, W. Neal Baird, Robert S. Wiggins,* contra.

QUILLIAN, J. 1. Special grounds 4, 6 and 7 complain that the charges as to the proper measure of damages were incorrect and confusing to the jury. While the judge might have used more desirable language, consideration of the charge as a whole shows it fully, accurately and fairly instructed the jury as to the correct measure of damages in this case. See in this connection, *Griggs* v. *State,* 59 *Ga.* 738; *Brown* v. *State,* 65 *Ga.* 332 (2) ; *Williams* v. *State,* 57 *Ga.* 479 (5).

2. Special ground 5 assigns as error the failure to charge on the issue of whether the condemnor intentionally prevented the condemnee from improving his property prior to the commencement of the condemnation proceedings. The only evidence produced at the trial as to this point was that officials of the City of Atlanta had refused to grant a permit for the installation of plumbing by the condemnee in the houses. There was no evidence of any conspiracy between the City of Atlanta and Fulton County to prevent the condemnee from improving the property, therefore the independent acts of the City of Atlanta would in no way affect the merits of the present action. This ground is without merit.

3. Special ground 8 assigns as error the admission in evidence of a copy of a plat of several blocks of the City of Atlanta which included the property in question. The plat was admitted for the sole purpose of showing the location of the property in reference to the streets only. Mr. Gray testified from his own knowledge that the plat correctly corresponded with the streets as they actually exist. It was not error to admit the plat, "not as original, independent evidence, but on the theory that they are nothing more than verified pictorial representations of matters about which the witness has properly testified, and as being a

desirable expediency by which to illustrate the witness's testimony as to the location of the land thus represented. *Brantley* v. *Huff,* 62 *Ga.* 532; *Napier* v. *Little,* 137 *Ga.* 240, 249 (3) (73 S. E. 3, 38 L. R. A. (NS) 91, Ann. Cas. 1913A, 1013); *Bradley* v. *Shelton,* 189 *Ga.* 698 (5) (7 S. E. 2d 261)." *Durden* v. *Kerby,* 201 *Ga.* 780, 782 (41 S. E. 2d 131). *Tribble* v. *Chadwick,* 91 *Ga. App.* 304 (85 S. E. 2d 495). Special ground 8 is without merit.

4. Special grounds 9, 10 and 11 complain of the admission of testimony as to purchase price and photographs of other property which the condemnor contended was similar to that in question. It is true in condemnation cases that it is permissible to introduce evidence of sales of property similar to that in question, made at or near the time of the taking of the property. *Flemister* v. *Central Ga. Power Co.,* 140 *Ga.* 511 (79 S. E. 148); *Housing Authority of City of Calhoun* v. *Spink,* 91 *Ga. App.* 72 (85 S. E. 2d 80). In the present case the houses being condemned are small homes in very poor condition which are in no way similar to the houses about which the witness testified.

While the general rule is that the question of admissibility of evidence relative to the purchase price of similar real estate in reasonably close proximity to that condemned is addressed to the discretion of the trial judge, evidence as to the sale price of real estate in no particular similar or comparable to the property condemned is utterly irrelevant and should be excluded. To admit evidence of the nature referred to is an abuse of the trial judge's discretion and is error requiring the grant of a new trial.

5. In view of what is held in this opinion it is unnecessary to rule on the general grounds of the motion for new trial.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*