37796.   BROWN *v.* BROWN.

516

Decided October 14, 1959—Rehearing denied October 26, 1959.

*Casey Thigpen,* for plaintiff in error.
*Thomas H. Hutcheson,* contra.

Nichols, Judge. ■ While title to land is collaterally involved in the case sub judice, since the action is for rents (mesne profits), under the numerous decisions of the Supreme Court, this court and not the Supreme Court has jurisdiction of the writ of error. See *Brydie* v. *Pritchard,* 213 *Ga.* 588 (100 S. E. 2d 435), and citations.

■ The oral evidence adduced on the trial showed that the plaintiff's grandfather, J. T. Brown, died possessed of certain realty which was divided into five tracts; that each son, there being no daughters, of such grandfather, inherited one of such tracts; that the tract here in dispute was inherited by Oscar D. Brown, the plaintiff's uncle and J. T. Brown's son; that Oscar D. Brown died without leaving a widow or children; that the plaintiff's father, Thomas I. Brown, inherited ⅓ of such prop-

erty, that Lawson Brown inherited ⅓, and that the children of a deceased uncle of the plaintiff inherited ⅓; and that later the plaintiff purchased the ⅓ interest of Lawson Brown in such property. There was no issue made with reference to the award of a year's support to the defendant of the interest in such property inherited by the father of the plaintiff from Oscar D. Brown.

The evidence showed that one of the brothers of the plaintiff's father and Oscar D. Brown predeceased Oscar D. Brown, and that two of the brothers of Oscar D. Brown and the children, as a class, of the brother who predeceased him each inherited a ⅓ undivided interest in the tract of property in dispute. Originally there were five brothers, Oscar D. Brown, Lawson Brown, Thomas I. Brown, Julius C. Brown and M. C. Brown, and at the time of the death of Oscar D. Brown he was survived by Lawson Brown and Thomas I. Brown while either Julius C. Brown or M. C. Brown had predeceased him. There was no evidence as to which of these brothers predeceased Oscar D. Brown, or whether the other brother survived him or also predeceased him and left children in the same class as the children who purportedly inherited an interest in the property. Did Lawson Brown, whose interest the plaintiff claimed, inherit a ⅓ undivided interest in the property or did he inherit a ¼ undivided interest in the property, or did he inherit some other interest in such property? The evidence adduced on the trial leaves this question unanswered.

"Where a plaintiff sues to recover an undivided one-third interest in land, and the defendant by his answer in general terms denies plaintiff's title thereto, it is incumbent on the plaintiff to show his title to that interest before he can recover. When, therefore, in a given case, the evidence showed that plaintiff had an interest in the land, but did not definitely and specifically show what that interest was, it was error for the court to direct a verdict 'for the premises in dispute.' Such a verdict, being under the pleadings a finding for the plaintiff of an undivided one-third interest in the land, was not supported by the evidence." *Parrott v. Dyer*, 105 *Ga.* 93 (3) (31 S. E. 417). Therefore, assuming without deciding, that whatever interest the plaintiff held, if any, was conclusive as against the defendant, a ver-

518

dict for the plaintiff would not have been authorized since any mesne profits to which he would be entitled of necessity would be based on his interest in the land and his interest in the land was not definitely shown, and the judgment of the trial court overruling his motion for a judgment non obstante veredicto and motion for a new trial on the usual general grounds was not error for any reason assigned.

■ The one special ground of the plaintiff's amended motion for new trial was based on alleged newly discovered evidence. This evidence would not correct the insufficiency of the plaintiff's proof referred to in the preceding division of this opinion, but would tend to disprove the alleged title of the defendant to the entire tract of land.

The grant of a new trial because of newly discovered evidence is not authorized unless it reasonably appear that on another trial, because of the newly discovered evidence, a different result would obtain. See *Young* v. *State*, 56 *Ga.* 403; *McDuffie* v. *State*, 54 *Ga. App.* 261 (187 S. E. 672); and *Morris* v. *State*, 54 *Ga. App.* 263 (187 S. E. 674). The newly discovered evidence in the present case could in no wise change the result on another trial, and the trial court did not err in denying the plaintiff's amended motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*