## 38942. SOUTHWELL v. STATE HIGHWAY DEPARTMENT.

FRANKUM, Judge. 1. "On the trial of an appeal from the award of assessors [in a condemnation case], in determining the value of land sought to be condemned, it is competent to introduce evidence of sales of similar property to that in question, made at or near the time of the taking." *Flemister v. Central Ga. Power Co.*, 140 Ga. 511 (6) (79 SE 148). See also 118 A.L.R. 870; *Georgia Power Co. v. Brooks*, 207 Ga. 406 (62 SE2d 183). But, an isolated, unaccepted offer to purchase the property condemned is not admissible to prove value. *Jones v. Smith*, 206 Ga. 162 (6) (56 SE2d 462); *Groover v. Simmons*, 161 Ga. 93 (6) (129 SE 778); *Central Ga. Power Co. v. Stone*, 139 Ga. 416 (77 SE 565); *Selma, Rome & Dalton R. Co. v. Keith*, 53 Ga. 178; *Southern Ry. Co. v. Miller*, 94 Ga. App. 701 (96 SE2d 297). In this case the court erred in allowing a witness to answer a question propounded by counsel for the condemnor over proper objection of counsel for the condemnee, as follows: "Has there been, to your own knowledge, any bona fide offer made for property up and down the Hull Road?" In response to the question the witness answered: "I heard of two lots through Jack Thornton. One of them was his mother's lot, and they were offered $1,200 and they refused to sell." Under the above authorities an isolated, unaccepted offer to purchase property is inadmissible to prove value. Accordingly, it follows that an isolated, unaccepted offer to purchase property near the property con-

demned is inadmissible. Furthermore, even if the witness had testified that the offer was accepted and the property sold, the condemnee's objection would be good because there was no proper foundation laid for the question. There was no evidence to show that the property about which the witness testified was similar to the property condemned, or that the transaction was near in point of time to the taking of the condemnee's property. *Aycock v. Fulton County,* 95 Ga. App. 541, 543 (98 SE2d 133). Obviously, the answer of the witness was hearsay and had no probative value. The court erred in overruling the condemnee's objection.

2. The condemnee complains that the following portion of the charge to the jury was erroneous: "I charge you that the condemnee cannot recover for the mere inconvenience to himself or other occupants of the dwelling located on his property resulting from the lawful use of the land taken by the Highway Department." While this case is being reversed for reasons stated in division 1, we deem it proper to add a few comments concerning the above charge, because it is incorrect as applied to the facts as shown by the record. But, we do deem it unnecessary to determine whether this error was rendered harmless by other portions of the charge, since this error is not apt to recur in another trial of the case. The condemnee's property was divided into two separate tracts by the construction of a highway by the condemnor, and the condemnee would be entitled to consequential damages if such were proved. The charge was apparently based on the decisions of *Campbell v. Metropolitan Street R. Co.,* 82 Ga. 320 (2) (9 SE 1078); *Atlantic & Birmingham Ry. Co. v. McKnight* 125 Ga. 328 (5) (54 SE 148). The trial judge should have qualified this charge by adding, in substance, thereto the following: "except insofar as these inconveniences may be shown by the evidence to adversely affect the value of the condemnee's remaining property." *Central Ga. Power Co. v. Stone,* 139 Ga. 416, supra; *State Highway Dept. v. Irvin,* 100 Ga. App. 624 (112 SE2d 216).

3. The condemnee assigns as error the court's ruling excluding certain testimony of the condemnee relative to specific items of cost and expense anticipated by the condemnee in the operation of his farm which would result from the taking of the property in question. While counsel for the condemnee ar-

gues that such testimony was pertinent and admissible on the question of consequential damages to the condemnee's remaining property, a perusal of the record shows this evidence to be more in the nature of an independent element of damage and not as an element of consequential damages. See *Atlantic & Birmingham Ry. Co. v. McKnight,* 125 Ga. 328 (5), supra. We are of the opinion that the court did not err in excluding this testimony, considering its nature.

4. For the reasons stated in divisions 1 and 2 of this opinion, the trial court erred in overruling the condemnee's motion for a new trial, as amended.

*Judgment reversed. Townsend, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 28, 1961.

*Erwin, Birchmore & Epting, Eugene A. Epting,* for plaintiff in error.

*Paul Miller, Assistant Attorney-General, James Barrow,* contra.