41082.   COMBS et al. v. STATE HIGHWAY DEPARTMENT.

DECIDED JANUARY 22, 1965—REHEARING DENIED FEBRUARY 5, 1965.

*Guy B. Scott, Jr.,* for plaintiffs in error.

*Eugene Cook, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Edwin Fortson,* contra.

JORDAN, Judge. The general grounds and special ground 2 of the motion for new trial have been abandoned, leaving as

the only question to be decided by this court that raised by special ground 1 of the motion which assigns error on the following portion of the charge: "I charge you that the condemnees cannot recover for mere inconvenience to themselves or others located on their property resulting from the lawful use of the land taken by the Highway Department." The condemnees contend that this excerpt was erroneous as an abstract principle of law and was calculated to confuse and mislead the jury on the issue of consequential damages.

This charge was not erroneous as an abstract principle of law. A condition or circumstance which amounts to nothing more than "mere inconvenience" is simply not an element of damage which can be considered. *Campbell v. Metropolitan Street R. Co.*, 82 Ga. 320 (2) (9 SE 1078); *Atlantic &c. R. Co. v. McKnight*, 125 Ga. 328 (5) (54 SE 148); *Chattahoochee Valley R. Co. v. Bass*, 9 Ga. App. 83 (5) (70 SE 683). See also the recent case of *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527), in which the Supreme Court held that inconvenience to the plaintiff based on increased travel distance over bad roads was insufficient to support a cause of action alleging a decreased value of plaintiff's property resulting therefrom.

There was evidence in this case by the condemnees which tended to show that their remaining property north of the highway right of way would no longer be suitable for subdivision purposes due to water and sewerage problems created by the taking. The condemnees contend that the use of the term "inconvenience" in the charge complained of had the effect of impressing on the minds of the jurors that the loss of use of such lots north of the right of way for residential purposes could not be considered even though this had a diminishing effect on the market value of this property.

We think this contention is without merit in view of the charge to the jury just preceding the excerpt complained of that the condemnees were entitled to "recover the value of the land taken from them and the damage done to their remaining property which results from the taking of their land and the use which is to be made of the land formerly belonging to them." Just after the portion of the charge complained of, the court went on to

charge: "There are only two elements of damages to be considered in a condemnation proceeding: first, ordinarily the market value of the property actually taken; second, the consequential damage that will result naturally and proximately to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned."

Considering these relevant portions of the charge, it cannot be said that the jury was precluded from taking into consideration the condemnees' evidence relating to damages sustained by them to their remaining property resulting from the restricted use of such property.

. Under the view we take of this case the holding here is not in conflict with certain language in *Southwell v. State Hwy. Dept.,* 104 Ga. App. 479 (2) (122 SE2d 131), critical of the exact language in the charge here complained of; for we have here considered the language used in the light of other portions of the charge immediately preceding and following it. This the court did not do in *Southwell* since the case was reversed on other grounds. The effect of the language used in that case is to suggest that such charge standing alone would not be correct under certain conditions unless qualified by language explaining to the jury that they *could* consider such factors as might adversely affect the value of the condemnees' remaining property. This the court clearly did in this case by adequately instructing the jury that they could consider "the damage done to their remaining property which results from the taking of their land and the use which is to be made of the land formerly belonging to them."

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*