### 50864. DEPARTMENT OF TRANSPORTATION v. ENGLISH et al.

DEEN, Presiding Judge.

1. In this eminent domain case the appellant condemnor contends that in three instances it was denied a thorough and sifting cross examination of English, the owner of property condemned for the widening of Peachtree Street. As to ground 4, the complaint is that the witness was not allowed to be questioned about why the contiguous property (separate parcels owned by the defendant and three neighbors) was surveyed as one tract. The witness answered that it was necessary to go to a beginning point some distance above his property, and that he had only his property surveyed. Thus, this question was answered. Grounds 6 and 7 referred to a residence some distance away on Peachtree Road which the defendant testified he had purchased around 1960 and sold within the decade for $16,000. Objections were directed to questions regarding original purchase price and comparable lot size. In sustaining objections the court ruled that the properties were not comparable.

We find no error. "The right of cross examination is

not abridged where cross examination of a witness as to irrelevant matters is not permitted." *Ga. Power Co. v. Robertson,* 97 Ga. App. 142, 143 (102 SE2d 510). "The trial court has a discretion to control the right of cross examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused." *Gordy v. Powell,* 95 Ga. App. 822 (3) (99 SE2d 313). It has been said that great latitude is allowed for the purpose of showing bias or interest where the purpose is to impeach the witness. *Ga. Power Co. v. Gillespie,* 48 Ga. App. 688 (7) (173 SE 755). This witness was the defendant; his interest is unconcealed. Impeachment by means of false or contradictory statements does not reasonably seem to have been involved. The questions were at best marginal and innocuous, and no reversible error appears from these rulings.

2. Where the buildings in question had been razed prior to trial (their value being one of the issues for jury consideration), it was not error to admit photographs of the interiors, although they included inventory and other personal property not taken by the condemnor, the court cautioning the jury that these items were not to be considered by them, but only whatever light the snapshots might throw on the value of the property taken. Where the admissibility of evidence is doubtful, it is usually proper to admit it with qualifying instructions. *Atlas Auto Finance Co. v. Atkins,* 79 Ga. App. 91 (53 SE2d 171); *Patton v. Smith,* 119 Ga. App. 664 (168 SE2d 627). The usual procedure is to instruct the jury of the purpose for admitting it, and that they should restrict their consideration to that purpose only. *Pines v. State,* 15 Ga. App. 348 (2b); *Alston v. Smith,* 192 Ga. 42 (2) (14 SE2d 483). The jury had a right to consider the interior as well as the exterior of the demolished buildings in determining their value. Other photographs were properly admitted with instructions that the value of adjacent buildings not condemned was not in issue.

3. A witness for the defendant, stating his qualifications as an appraiser, named previous clients, including the Highway Department, at which point appellant moved for a mistrial. The court denied the motion but admonished the witness and instructed the

jury to disregard that part of his testimony. Where the court instructs the jury to disregard a voluntary statement by a witness, even though it may be objectionable and prejudicial, and cautions the witness to confine his answers directly to the questions asked, the denial of a motion for mistrial is usually proper. See *Grier v. State,* 212 Ga. 248 (2) (91 SE2d 749) and cit. The only exception to the rule is where the objectionable evidence is so prejudicial that lesser measures will not avail. This testimony does not fall in that class. Nor is the point adversely controlled by *Logan v. Chatham County,* 113 Ga. App. 491, 493 (148 SE2d 471), where the appraiser had worked for the opposite party *in the same case,* and the ruling was merely that if this evidence were *admitted* over objection it would be error. The evidence here was excluded, as *Logan* indicates should be done.

4. "In arriving at the value . . . of a particular abutting lot and building thereon, evidence as to what the value of the lot would have been without the building, and evidence of the value of other abutting lots, was relevant." *Hurt v. City of Atlanta,* 100 Ga. 274 (4) (28 SE 65). It was not error to allow an appraiser, after stating his opinion of the value of the property taken, to distinguish the amounts allocated by him to land, building, easement, and other components.

5. "Evidence which ought properly to have been offered in chief, but which was then omitted through inadvertence, if offered with the rebutting evidence should be admitted if otherwise unobjectionable." *Dennis v. Weekes,* 46 Ga. 514 (3).

6. Where on cross examination an appraiser was asked how he arrived at valuation and he replied, "replacement costs plus land value," a motion to strike the testimony was premature. The answer was responsive to the question and does not establish that depreciation was *not* included. If the plaintiff wished to know whether depreciation was considered in arriving at the replacement cost stated, he should have questioned the witness to this effect. On the value of evidence of replacement cost generally see *State Hwy. Dept. v. Murray,* 102 Ga. App. 210 (1, 2) (115 SE2d 711).

7. The court charged in part: "In estimating the

value of property taken for public use, generally it is the market value of the property which is to be considered. In estimating its value, all the capability of the property and all the uses to which it may be applied, or to which it is adapted, may be considered, and not merely the condition it is in at the time and the use which it was then applied by the owner . . . The owner is to be paid just and adequate compensation for his property; that is, the value to him, not its value to the condemnor. The measure of damages for property taken by the right of eminent domain, being compensatory in its nature, is the loss sustained by the landowner, taking into consideration all the purposes for which the property is available. Generally speaking, the measure of damages is the market value of the property to be taken, and when this would give just and adequate compensation to the owner, this rule should be applied . . . the measure of damages for the part of the property actually taken by the Highway Department is the difference between the market value of the whole property just before the taking and the market value of the remainder immediately after the taking . . ."

Objections were lodged against the inclusion of *value of the owner* and consideration of *all uses for which the property is adapted.* We find no error in the charge. It did not include the "unique and special use" instruction approved in *Housing Authority v. Troncalli,* 111 Ga. App. 515 (142 SE2d 93) under the special facts of that case. "Generally the courts have approached the problem from the standpoint of determining the value of that which the owner has lost rather than that which the condemnor has gained." *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372 (154 SE2d 812) (quoting State v. Platte Valley &c. District, 23 NW2d 300, 166 ALR 1196). "The value of land taken for public use is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated." *Harrison v. Young,* 9 Ga. 359 (4); *Ga. Power Co. v. Faulk,* 102 Ga. App. 141 (1) (115 SE2d 733). The instruction on ascertainment of value was full and fair and adjusted to the evidence in the case.

8. The court refused two requests to charge offered by the plaintiff. The statement "rental income received

from the property condemned to determine market value is one of the acceptable methods for ascertaining just and adequate compensation," told the jury nothing without going into methods of capitalizing a value fixed on such income; it was properly refused. The other merely instructed them that they could consider other property as to which testimony had been introduced to throw light on the issue of value; that what testimony on this subject was admissible was largely within the discretion of the court, and its weight and credibility was for the jury. It did no more than make applicable to one facet of the evidence that which the judge had said in his instructions in chief.

9. No reversible error appears because the judge, who had previously charged that they should take into account the value of certain easement rights condemned by a determination of their market value, in a recharge on the subject referred to the "value of the property condemned, including the easement[s]." See *State Hwy. Dept. v. Owens,* 120 Ga. App. 647 (2) (171 SE2d 770). Properly speaking, an easement is a right of use and not an interest in land, yet even an order purporting to vest fee simple title in an easement was, though error, held not reversible. *Leach v. Ga. Power Co.,* 228 Ga. 16 (6) (183 SE2d 755). Immediately thereafter he again referred to "the value of the items just indicated," meaning three named easements. It is not reasonable to suppose that the jury was misled by this terminology.

10. The verdict was within the range of the testimony and is not as a matter of law excessive.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED JULY 1, 1975 — DECIDED JULY 15, 1975.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Dillard, Dillard & Shearer, George P. Dillard,* for appellant.

*McCurdy & Candler, George H. Carley,* for appellees.