62553. DEPARTMENT OF TRANSPORTATION v. COCHRAN et al.

DEEN, Presiding Judge.

1. In condemnation cases where comparable sales are offered in evidence to explain the value testimony of expert witnesses, it is frequently held that mere options and other unaccepted offers to purchase or sell are inadmissible as having no substantial probative value. See *Dept. of Transp. v. Simon,* 151 Ga. App. 807 (261 SE2d 710) (1979); *Southwell v. State Hwy. Dept.,* 104 Ga. App. 479 (122 SE2d 131) (1961). Based on these and like instances, at the superior court

de novo trial of this case to establish the value of urban property condemned for purposes of enlarging an existing interstate highway, the condemnor made a motion in limine to exclude any evidence that might be offered concerning unaccepted offers to sell or purchase or executory contracts. The court ruled that expert witnesses could not refer to mere options but could refer to and base opinions on contracts of sale even though not closed, treating them as sales for the purpose of comparative valuation.

One of the best comparable properties from the standpoint of the condemnee was testified to by the condemnee's expert witness as being a contract signed by the parties prior to this trial but not to be closed for 12 months from its execution, which put the closing date a few months subsequent to the trial. After verdict the condemnor moved for a new trial on the ground of newly discovered evidence in that the sale contract testified to contained a loophole not known to the condemnor at the time which would have allowed the proposed purchaser to renege with no forfeiture other than that of earnest money. In point of fact the purchaser did not renege and the sale was closed on its original terms before the time when the motion for new trial was heard.

Any error in allowing the testimony was harmless, since, whether or not the executory contract which was the subject of the dispute was enforceable when entered into, it was in fact carried out as written, and its basic terms were given in testimony to the jury. As the appellant admits, the grant of a new trial would not change the situation since in fact the same evidence would be admissible on the retrial. The contention that a new trial is mandated by the discovery of "newly discovered evidence" is without merit. New evidence which would authorize a new trial must, among other things, be so material that it would probably produce a different verdict. *Walters v. State,* 128 Ga. App. 232 (2) (196 SE2d 326) (1973); *Brown v. Brown,* 100 Ga. App. 515 (3) (112 SE2d 1) (1959). Here the same evidence would merely be replicated before a different jury.

2. The appellant D. O. T. objects to testimony of three appraisers, all of whom had previously been employed by it, that the jury was apprised of this fact. Examination of citation in the appellant's brief to the testimony complained of reveals that, as to the first witness, the fact was first brought out by the condemnor, who could hardly object to what it asked of its own witness. The two remaining, who testified for the condemnee, were included in a list of previous clients during preliminary qualification as an expert. However, it is settled by *DeKalb County v. Queen,* 135 Ga. App. 307 (3) (217 SE2d 624) (1975) that such testimony is admissible. *Logan v. Chatham County,* 113 Ga. App. 491 (148 SE2d 471) (1966) is not in

point as it dealt with a special case where the same person had been employed as an expert by both sides in the case under consideration. It is contended, however, that *Dept. of Transp. v. English,* 135 Ga. App. 425 (218 SE2d 134) (1975) holds to the contrary. While our reexamination of *English* demonstrates that the result in that case was correct, we do agree that some of the language could be construed as authorizing a ruling contrary to the holding in *Queen.* In *English* a witness for condemnee stated, in reciting his qualifications as an expert, that he had worked previously for the condemnor. The condemnor's motion for a mistrial was denied after the testimony concerning prior employment was excluded. On appeal this court held that it was not error to deny the motion for mistrial. In *English* the court held that *Logan* did not require reversal because the questioned portion of the appraiser's testimony had been excluded "as *Logan* indicates should be done." *English,* supra. It appears that in *English* we *assumed* that the testimony was objectionable and, therefore, excludable. This assumption was incorrect in light of the *Queen* decision. *Logan* was simply inapplicable for the other reason stated in *English* which was that the testimony in *Logan* was given by an appraiser who "had worked for the opposite party *in the same case* . . ." (Emphasis supplied.) This, of course, is the same reason that *Logan* is inapposite in the case at bar. While the underlying assumption in *English* that the testimony was objectionable was erroneous, the result reached in that case was nonetheless correct and it need not be overruled insofar as it stands for the proposition that it is not error to fail to grant a mistrial when the witness testifying as to his qualifications as an expert states that he has done appraisal work for the opposite party. However, to the extent that *English* intimates that such testimony is objectionable and excludable under *Logan,* it will not be followed.

Lest there be any misapprehension concerning these rulings, they may be briefly summarized as follows: A party to an eminent domain case is not bound by rejected opinions of expert witnesses employed to appraise the realty being condemned and such testimony is irrelevant and may be prejudicial. *Logan,* supra. Testimony while reciting his qualifications as an expert that the witness has done appraisal work for the other party in the past is not objectionable or excludable (*Queen,* supra) or grounds for mistrial (*English,* supra). Accordingly, this enumeration of error in the instant case is totally without merit.

3. Art. III, Sec. VII, Par. XII, of the Constitution of this State (Code § 2-1312) provides that no code section shall be amended or repealed by reference, but the new statute shall distinctly describe the old law. This, of course, refers to direct appeal. Repeal by

implication is not favored, but may occur where the legislative intent is clear, manifest, and irreconcilable with an intent not to repeal. *Collier v. Mitchell,* 207 Ga. 528 (63 SE2d 338) (1951). The constitutional provision does not preclude repeals by implication. *Swift v. Van Dyke,* 98 Ga. 725 (26 SE 59) (1896).

Ga. L. 1973, pp. 947, 1022 (Code Ann. § 95A-616) is a part of the Georgia Code of Transportation which stated a new method for the acquisition of private property for public purposes by eminent domain specifying, among other things, that title to the property taken legally vested in the condemnor as of the date of taking. Code § 95A-616 further provided that after determination of just and adequate compensation the final judgment should include interest from the date of taking to the date of payment on any amount not previously paid into court, and upon certain other conditions *at the rate of 7 percent per annum.* This provision has not been legislatively changed. In 1980 (Ga. L. 1980, p. 1118) Code § 57-108, which had previously specified interest on all money judgments at 7 percent, was redrafted to provide: "All judgments in this State shall bear interest upon the principal amount recovered at the rate of 12% a year."

The final judgment in this litigation was entered on September 17, 1980, based on a declaration of taking filed December 5, 1978. Both statutes quoted above contain a general repealer as to laws or parts of laws in conflict therewith. It is clear that Code § 95A-616 enacted in 1973 when the legal rate of interests on judgments was 7 percent was not intended to change the rate of interest on final judgments but was only intended to allow such interest to the condemnee from the date of taking to the date of judgment. Therefore, since the intent of the act was to allow the interest on the final judgment in eminent domain proceedings to be that set by general law rather than to set a rate of interest on such judgments different from that otherwise obtaining, we find that there was indeed a repeal by implication in the 1980 Act (Code § 57-108) increasing the rate of interest on all money judgments from 7% to 12% such that the post-judgment interest rate referred to in Code § 95A-616 was also increased, as that of all other judgments, to 12%.

However, as to the rate of interest between the declaration of taking and the final judgment there is no such conflict between the statutes, since Code § 95A-616 is unique in granting the interest to the condemnee from the date of filing of the complaint. We therefore construe these code sections together in such manner as to hold that interest to the condemnee otherwise payable under the appropriate rules of law in these eminent domain proceedings is, as to the sums involved at each time period, 7% between the date of taking and the

final judgment, and 12% thereafter until paid.

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Carley and Pope, JJ., concur. Sognier, J., dissents.*

DECIDED NOVEMBER 10, 1981 —
REHEARING DENIED DECEMBER 3, 1981 —

*Conley Ingram, Robert D. McCallum, Jr.,* for appellant.
*David H. Flint,* for appellees.

SOGNIER, Judge, dissenting.

I respectfully dissent from the majority's holding in Division 2.

The question presented here is whether appellee/condemnee's expert witness' testimony that he was formerly employed by the State Department of Transportation (appellant/condemnor) should be excluded as prejudicial to appellant. The majority opinion, relying on *DeKalb County v. Queen,* 135 Ga. App. 307 (3) (217 SE2d 624) (1975), concludes that such evidence is not objectionable and is admissible. I do not agree and would overrule *Queen.* I would not overrule *Dept. of Transportation v. English,* 135 Ga. App. 425 (218 SE2d 134) (1975), and would extend *Logan v. Chatham County,* 113 Ga. App. 491 (148 SE2d 471) (1966).

A witness may qualify as an expert by stating, inter alia, his education, training, and the extent and length of his experience. It is permissible, but not necessarily required, that an expert witness relate his particular employers or clients in stating his qualifications. While the jury, hearing such evidence as to qualifications may consider it with regard to the credibility of the witness, the question of whether a witness is qualified to give his opinion as an expert is one for the court. *Dept. of Transp. v. Great Southern,* 137 Ga. App. 710, 712 (225 SE2d 80) (1976).

Here, the appellant/condemnor properly filed a motion in limine to exclude any evidence in qualifying the experts in the case that appraisers for either appellant or appellee had worked for the other party. The trial judge denied the motion based on *Queen.* When qualifying his experts, condemnee asked for whom each expert had done appraisals. Both experts listed the Georgia Department of Transportation (State Highway Department) among their former employers. In each instance, counsel for appellee/condemnee asked additional specific questions with regard to the expert appraiser's work for DOT, emphasizing this employment.

Under the circumstances, where the jury has heard the

qualifying testimony, in my opinion it was prejudicial for appellee/condemnee's expert to be permitted to testify that he had formerly been employed by appellant/condemnor. The jury could construe his opinion testimony as an appraiser as having the implied approval of appellant/condemnor, his former employer. To exclude the expert's testimony regarding his former employment by an opposite party in the proceedings would not necessarily affect his qualification as an expert. I see no reason for appellee/condemnee to insist on such testimony except to prejudice the jury.