41548. BROOKS v. DEPARTMENT OF
TRANSPORTATION et al.
(327 SE2d 175)

SMITH, Justice.

Appellee, the State Department of Transportation, filed suit to condemn 1.873 acres of appellant's land. Appellant counterclaimed for dismissal of the condemnation and for damages. Appellant later filed suit seeking prejudgment and postjudgment interest higher than the statutory rates. The trial court ruled in appellee's favor on all counts. We find no error.

On January 3, 1983, appellee filed a declaration of taking covering appellant's land for the purpose of widening Highway 78 in Gwinnett County. Appellant filed a counterclaim in equity to have a plat cancelled and to vacate the state's declaration of taking, and under 42 USC §§ 1983, 1988 for damages and attorney fees. He claimed that the state had filed a plat that showed a road running through his home and that this destroyed his ability to market his land. He also charged that the state had negotiated in bad faith.

The trial court denied appellant's counterclaim, reasoning that a condemnation action is a special statutory proceeding and is thus, in this particular posture, not subject to a counterclaim. The state then paid appellant $22,730. A jury subsequently awarded appellant $35,000. The trial court, following *Dept. of Transp. v. Cochran,* 160

Ga. App. 583 (287 SE2d 599) (1981), ordered appellee to pay appellant the $12,270 difference between the jury verdict and the amount already paid, 7% interest on that amount measured from the time of the declaration of taking until judgment, and 12% postjudgment interest on that amount.

1. Appellant contends that the state awards interest in a condemnation case to compensate the condemnee for the value of the use of his land during the proceeding. He charges that the use of land is an incident of property ownership. He thus concludes that the determination of the interest forms a part of the just compensation to be paid for property condemned by the state and thus is an exclusively judicial function under Art. I, Sec. III, Par. I of the Georgia Constitution. Appellant also asserts that the legislature violated equal protection under the Fourteenth Amendment to the United States Constitution by applying different prejudgment and postjudgment interest rates to awards in condemnation cases.

(a) "[T]itle to the property taken legally [vests] in the condemnor as of the date of the taking." *Cochran,* supra at 586; see also OCGA § 32-3-7. From this, we conclude that the prejudgment interest rate compensates the condemnee for the use of funds generated in a condemnation action, not for the use of the property condemned. In addition, the trial court charged the jury that the value of property includes "all uses to which [the property] might be applied." We find that the state adequately compensated appellant for the use of his land.

(b) Where, as here, no suspect class or fundamental interest is involved, a law which applies equally to all persons similarly situated will satisfy equal protection requirements. *Cooper v. Rollins,* 152 Ga. 588, 593 (110 SE 726) (1922). The 7% prejudgment interest rate is simply an incident of any condemnation action and applies to all condemnees equally. The crucial classification involved is the classification of condemnees. Appellant does not contest the validity of the classification of condemnees. We find no error.

2. In a separate proceeding involving land belonging to appellant's neighbor, the Department of Transportation filed a plat that showed a road passing through appellant's home. Appellant filed a counterclaim in equity to vacate the condemnation of his land and to have the plat cancelled because it created a cloud upon his title. He claims that the trial court erred in dismissing the counterclaim as an improper method of asserting his claim.

The provisions of the Civil Practice Act may be applied to a condemnation action where they do not conflict with the special statutory procedure involved. *Dorsey v. Dept. of Transp.,* 248 Ga. 34 (279 SE2d 707) (1981); OCGA § 9-11-81. OCGA § 32-3-11 provides, in subsections (a) and (b), that the trial court may set aside, vacate, or an-

nul a declaration of taking upon a showing of fraud or bad faith, the improper use of powers granted in the condemnation act, the abuse or misuse of those powers, or a failure to invoke the act. All of the procedures outlined in OCGA § 32-3-1 et seq., are geared exclusively towards answering questions relating to the propriety of the condemnation at hand or the value of the condemned land.

Here appellant's counterclaim seeks to vacate a plat filed in a separate condemnation action. As such, the subject of the counterclaim lies outside the bounds of this type of condemnation action. A condemnee seeking to set aside a plat filed by the state in a proceeding collateral to the condemnee's case should file a separate action to quiet title. We find no error.

3. The counterclaim for damages under 42 USC §§ 1983, 1988 also lies outside of the trial court's powers in a condemnation action brought under OCGA § 32-3-1 et seq. The legislature made no provisions for tort damages, even of the constitutional variety, in this type of condemnation action. A claim of bad faith may only be asserted defensively in this special statutory action. We find no error in the trial court's dismissal of appellant's counterclaim.

*Judgment affirmed. All the Justices concur, except Hill, C. J. and Gregory, J., who dissent.*

Hill, Chief Justice, dissenting as to Division 2.

The Department of Transportation (DOT) filed a declaration of taking against certain of condemnee's property. As explained in *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 36 (279 SE2d 707) (1981) the general notion of notice pleading is not applicable to a declaration of taking, for "[t]he petition is not a mere pleading but an instrument which passes title when filed. . . ."

Condemnee filed a counterclaim seeking to quiet title to certain of his property allegedly impacted by a plat filed by DOT in a related condemnation against one of his neighbors. The majority holds, in Division 2, that such a counterclaim will not lie because OCGA § 32-3-1 et seq. establishes a special statutory procedure, and the counterclaim lies outside the bounds of this procedure. I agree that because of the special nature of the declaration of taking, this counterclaim is not compulsory, OCGA § 9-11-13 (a), that is, that it does not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." But because OCGA § 9-11-81 provides that the provisions of the Civil Practice Act relating to counterclaims do apply to special statutory proceedings, I would hold that it is a permissive counterclaim. OCGA § 9-11-13 (b). As such, it should have been separated for trial, not dismissed. Therefore, I must dissent to Division 2 and that part of the judgment which affirms the dismissal of the counterclaim.

I am authorized to state that Justice Gregory joins in this dissent.

DECIDED MARCH 4, 1985 —
REHEARING DENIED MARCH 14, 1985.

*Dillard, Greer, Westmoreland & Wilson, George P. Dillard,* for appellant.

*Joseph E. Cheeley, George J. Hearn III,* for appellees.